JAMES C. GAULT *et al.*, Plaintiffs in Error, *v.* JULIEN S. HOAGLAND *et al.*, Defendants in Error.

### ERROR TO MACON.

A decree *pro confesso* only concludes the party to the extent of the averments in the bill; he cannot object to the sufficiency of proof, but may on error insist that the averments of the bill do not justify the decree.

THIS was a bill filed to foreclose a mortgage on real estate, executed by James C. Gault and Joseph Smeetzer, (plaintiffs in error,) to Julien S. Hoagland and John Ricketts, to secure the payment of a debt of $2,400, due from mortgagors to mortgagees.

The mortgaged property is described in bill and mortgage.

The bill states, that the debt and mortgage was to be discharged by the delivery of three hundred thousand brick, as per three obligations referred to, and the payment of a promissory note, due January 1st, 1858, for six hundred dollars.

The bill admits the delivery of the three hundred thousand brick, and charges that a note for six hundred and *one* dollars remains due and owing.

The bill makes allusion to three obligations of mortgagors to deliver three hundred thousand brick, and also to a promissory note, which note is the foundation of the suit, but no such obligations or note were filed with the bill or offered in evidence.

The instrument filed with or attached to the bill is a contract to pay to mortgagees the difference between the value of three hundred thousand brick at market price when delivered, and $2,400.

The mortgage, which is made part of the bill, shows that the price of the brick was left undetermined by the parties, and that the value of the same at market price, when delivered, was to be applied to the payment of the $2,400 debt.

The bill contains no averment of the value of the brick, or the amount due Hoagland and Ricketts, after deducting their value.

In default of answer by defendants below, a decree *pro confesso* for six hundred and twenty-two dollars and twenty cents was entered against them at the July term, 1858, and the master was ordered to sell mortgaged premises, in default of payment, in thirty days.

The errors assigned are, that the court erred in granting a decree *pro confesso* against the plaintiffs in error, for six hundred and twenty-two dollars and twenty cents, for the following reasons:

Because the mortgage and contract filed with the bill, and to which it refers, show that the amount due from the plaintiffs in error to Hoagland and Ricketts, was indefinite and uncertain, and there is no averment in their bill fixing the amount, except by reference to the note.

Because there is no obligation to deliver brick, or promissory note filed with the bill or made part thereof; and there are no averments in the bill, or other evidence of their loss or contents.

Because the mortgage and contract show that Hoagland and Ricketts were to receive from plaintiffs in error three hundred thousand brick, and the value of the same at market price when delivered, was to be applied to the payment of said debt of $2,400, and though the bill admits the receipt of the three hundred thousand brick by Hoagland and Ricketts, there is no averment of their value, or the amount remaining unpaid after adjusting it.

Because the bill states the note made by plaintiffs in error to Hoagland and Ricketts, was for (600) six hundred dollars, and alleges the non-payment of the sum of six hundred and *one* dollars as witnessed by promissory note not exhibited.

Because the court proceeded to adjust accounts between the parties, which was not asked for or stated in the bill.

Neither the averments in the bill nor the exhibits are sufficiently certain to authorize the rendering a decree *pro con-*

*fesso* for a sum certain, without evidence to show the value of the brick.

B. F. SMITH, for Plaintiffs in Error.

POST & TUPPER, for Defendants in Error.

BREESE, J.   A decree *pro confesso*, as we understand it, concludes the party only as to the averments in the bill.   He cannot, on error, allege the want of testimony, or the insufficiency or amount of the evidence the court may have heard.   The rule is well settled that a defendant in chancery cannot, on error, object to the sufficiency of complainant's proof when the bill is taken for confessed.   It is, in such case, discretionary with the court to require proof or not.   *Manchester et al.* v. *McKee, Ex'r*, 4 Gilm. 517 ; *Johnson* v. *Donnell et al.*, 15 Ill. 98. He may however, on error, contest the sufficiency of the bill itself, and insist that the averments contained in it, do not justify the decree.

The bill in this case wants an essential averment, without which, the decree should not have passed.   The mortgage and agreement filed with the bill, show most clearly, that defendants were indebted to complainants, originally, in the sum of twenty-four hundred dollars, and in part discharge thereof were to receive of the defendants three hundred thousand brick at their market value, and the parties assuming that this quantity of brick would amount to eighteen hundred dollars, the note of six hundred dollars was executed for the supposed balance. Now the fact may be that the market value of the brick was such as to reduce the amount of the note much below six hundred dollars, to which reduction the defendants were entitled, hence the necessity of an allegation in the bill of their market value.   The bill was imperfect without it, and the decree must be reversed, and the cause remanded, with leave to complainants to amend their bill.

                                        *Decree reversed.*