### THEODORE HUMMERT, IMPLEADED, ETC.,
### v.
### GERTRUDE STEMPEL.

*Annuity—Bill to Enforce Collection of—Lien—Decree* Pro Confesso— *Appraisement—Sec. 18, Chap. 22 R. S.—Practice.*

Upon a bill to enforce the payment of an annuity, which is a lien upon

three separate pieces of real estate owned by different parties, a cross-bill having been filed by two of them against the third, and the complainant in the original bill praying for an appraisement of the different tracts, and that each proprietor be required to pay his share of the annuity in proportion to the value of his holding, this court holds that the decree, in conformity therewith, disposed of the original bill; that the same was warranted by the allegations of the cross-bill, notwithstanding a clerical error therein as to date; that the complaint that the same was not warranted by the evidence can not stand in the face of a decree *pro confesso;* and that in such cases commissioners should not be appointed to fix values as the basis for a decree.

[Opinion filed November 1, 1889.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. AMOS WATTS, Judge, presiding.

Mr. W. C. KUEFFNER, for plaintiff in error.

Messrs. TURNER & HOLDER, H. M. NEEDLES, and DILL & SCHAEFER, for defendants in error.

REEVES, P. J.   Gertrude Stempel held a lien for an annuity on certain lands, which she filed a bill to enforce.

These lands, at the time of the filing of the bill, were owned in severalty by plaintiff in error, Hummert, and defendants in error, Mittendorff and Sauter, and they were made defendants to her bill.   Mittendorff and Sauter answered the bill, and by leave, filed a cross-bill making Mrs. Stempel and Hummert defendants.   The cross-bill sets up the lien in favor of Mrs. Stempel against the lands described in her bill for the payment of an annuity; that these lands were owned, part by Hummert, part by Mittendorff, and the remainder by Sauter, describing particularly the portion owned by each.   It further sets up that since the filing of the original bill the annuity due Mrs. Stempel had been paid; that the several tracts of land are not of equal value, and that the annuity should be paid by Hummert, Mittendorff and Sauter, ratably, in proportion to the value of the lands owned by each, and they ask that the court will direct an appraisement to be made of the

value of the several tracts as owned by the several proprie-
tors, and decree what proportion of said annuity each should
pay, the lien of Mrs. Stempel to be preserved as originally
made.   Mrs. Stempel answered the cross-bill, insisting that
her lien should not be divided and distributed upon the sev-
eral tracts, but should remain on the whole land.· Hummert,
the other defendant to the cross-bill, was defaulted and a
decree *pro confesso* entered against him.

Commissioners were appointed by the court to make the
appraisement prayed for in the cross-bill, and they made their
report of the value of the lands incumbered by the annuity
lien, fixing the value of that portion of the land owned by
Sauter at $2,534.60, of the portion owned by Hummert at
$6,459.90, and of the part owned by Mittendorff at $160.   A
decree was entered with sufficient findings as to facts above
set forth, and ordering that Sauter should pay of the annu-
ity $112.32 annually, Hummert $280.72, and Mittendorff
$6.96.   By the decree Mrs. Stempel's lien is preserved intact
against all the land for the full amount of her annuity of
$400, and in case of default in payment she is awarded execu-
tion, but in case of sale, where only part of the annuity
remains unpaid, the lands of the party in default of payment
shall first be exposed to sale, etc.   From this decree plaintiff
in error prosecutes this writ of error.   The errors assigned
are:

1st.   In rendering a decree on the cross-bill without taking
action on the original bill.

2d.   In rendering a decree on the cross-bill not warranted
by the allegations of the cross-bill. '

3d.   In rendering a decree on the cross-bill not warranted
by any legal evidence in the case.

In regard to the first error assigned it may be said that
the decree does dispose of the original bill.   The cross-bill
alleged that since the filing of the original bill all the
annuity due Mrs. Stempel had been paid.   This was in effect
admitted by the answer of Mrs. Stempel to the cross-bill.   The
decree rendered finds that such payment had been made, and
particularly declares the existence of her lien, and provides

for the issuance of an execution to collect future installments, as they fall due, and these provisions of the decree dispose of the original bill.

The second error assigned is that the decree was not warranted by the allegations of the cross-bill. The cross-bill sets forth particularly the amount of the annuity to be $400, payable in installments of $200 every six months.

It then states that the annuity, up to August 1, 1888, had been paid, and that no other payment will be due until February 1, 1890. Taking all the averments of the cross-bill together it is manifest that the date when the next payment would become due was February 1, 1889, and not February 1, 1890. If the payment had been made up to August 1, 1888, and the annuity was to be paid in installments of $200 every six months, then the next payment would be due February 1, 1889, and the statement in the cross-bill that no other payment will be due until February 1, 1890, was a clerical error. The allegation of the amount of the annuity and how it was to be paid, and that it was only paid up to August 1, 1888, rendered the pleading complete without giving the date when the next payment would be due, and this statement might be rejected as surplusage.

The third error assigned is that the decree was not warranted by any legal evidence in the case. If the plaintiff in error was in a position to raise the question made by this assignment of error we should hold that the method taken by the court to ascertain the value of the several tracts owned by Hummert, Mittendorff and Sauter, respectively, was not warranted by the prescribed methods for ascertaining facts upon which to base a decree. Evidence should have been taken in some of the modes recognized in chancery practice as to the value of the several tracts of land. We know of no rule of practice that would warrant the appointment of commissioners to fix the value of land and make that the basis of a decree. But plaintiff in error does not seem to be in a position to raise this question. In Vanvalkenburg v. Trustees, etc., 66 Ill. 104, the court say: "A party against whom a bill has been taken as confessed can not assign as a cause of error that the proof

does not sustain the allegations of the bill.    It is a matter of discretion with the court, under our practice, whether he will require evidence to be produced."    Sec. 18, Chap. 22, R. S. provides, "where a bill is taken for confessed the court, before a final decree is made, if deemed requisite, may require the complainant to produce documents and witnesses to prove the allegations of his bill, or may examine him on oath or affirmation touching the facts therein alleged.    Such decree shall be made in either case as the court shall consider equitable and proper."

In Manchester v. McKee, 4 Gilm. 511, the court, commenting upon this section of the statute, say: "By this law, where a bill is taken for confessed, it is left to the discretion of the court whether any proof shall be required in support of the bill, or what part of the bill shall be supported by proof, and of necessity what shall be the amount, nature and character of the proof to be produced.    With such a discretion vested in the court it would be absurd to say that the court acted upon insufficient proof."

"If it would not be error to make a decree without any proof it is not easy to comprehend where the error is in rendering a decree upon insufficient proof."    See, also, Gault v. Hoagland, 25 Ill. 266; Johnson v. Donnell, 15 Ill. 97, and Starne v. Farr, 17 Ill. App. 491.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*