WILLIAM B. DUVAL

*v.*

THOMAS C. DUVAL *et al.*

*Filed at Ottawa October 29, 1894.*

153  49
165  395
67a  52
153  49
169  138
153    49
97a  [1]648

1. ADVANCEMENT—*to wife—when presumed.* The general rule is, that a purchase of lands by a husband in the name of his wife is presumed to be an advancement, and not a trust.

2. HUSBAND AND WIFE—*use of wife's separate property by husband.* If a husband uses his wife's separate property with her knowledge and assent, a gift may be inferred, in the absence of a contrary agreement.

3. EQUITY—*will not ordinarily administer estates.* Equity will only exercise jurisdiction over estates of deceased persons when special reasons are shown for taking them from the probate courts.

153—4

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. R. C. HUNT, and Mr. A. M. BROWN, for the appellant.

Mr. J. A. McKENZIE, and Mr. E. P. WILLIAMS, for the appellees :

Where it appears that the county court had full power to grant relief, equity will not assume jurisdiction against an administrator for not properly performing his duties. *Heustis* v. *Johnson*, 84 Ill. 61 ; *Winslow* v. *Leland*, 128 id. 304.

A court of equity will, in matters of probate, take jurisdiction only in an extraordinary case,—a case in which there is special reason why administration should be withdrawn from the probate court. *Freeland* v. *Dazey*, 25 Ill. 294; *Heustis* v. *Johnson*, 84 id. 61 ; *Harding* v. *Shepard*, 107 id. 264; *Crain* v. *Kennedy*, 85 id. 340 ; *Winslow* v. *Leland*, 128 id. 304.

A bill which seeks to take matters of administration into equity must show some legal ground or reason for so doing. *Conover* v. *Hill*, 76 Ill. 342 ; *Harris* v. *Douglas*, 64 id. 466.

Mr. JUSTICE MAGRUDER delivered the opinion of the court :

This is a bill originally filed by the appellant, William B. Duval, against his father, Thomas C. Duval, requiring him to account for certain monies and property alleged to have come into his hands as the agent in her life time of his deceased wife, Nancy Duval, who was the mother of appellant. Nancy Duval died intestate on March 22, 1888, leaving her surviving her husband, said Thomas C. Duval, and seven children including appellant, and one grandchild and four great grandchildren. After Thomas C. Duval had answered the bill, denying all its allega-

tions, and on December 25, 1890, he died testate, and his death was suggested, and his executors were made defendants to the bill. The answers filed contain demurrers to the jurisdiction of the Court. After proofs taken and hearing had, the Circuit Court dismissed the bill for want of equity, and this decree of dismissal has been affirmed by the Appellate Court.

In 1866 Thomas C. Duval, being the owner of 271 acres of land, conveyed it to his son-in-law, James Roundtree. On September 6, 1866, Roundtree and his wife conveyed the lands to the said Nancy Duval. There was no consideration for either of these deeds, and Thomas C. Duval says in his answer, that he caused the lands to be thus conveyed to his wife because of certain unjust claims against him. The proof shows, that he always treated the lands as his own before he and his wife deeded them away, that he collected the rents and paid the taxes, and that his wife claimed no interest in them, and on several occasions disclaimed their ownership. Appellant contends, that all the acts of his father in these respects were performed as the agent of his mother, and not as owner.

It is also contended, that the conveyance to Nancy Duval was an advancement, and not a conveyance in trust, or operating as a resulting trust. It is true, as a general rule, that a purchase of land by a parent in the name of a child, or by a husband in the name of the wife, is presumed to be an advancement, and not a trust. (*Maxwell* v. *Maxwell*, 109 Ill. 588). But it is not necessary in this case to consider the question, whether the deed from Roundtree to Mrs. Duval gives rise to such a presumption, or whether, if it does, the presumption is overcome by the evidence in the record; because Mrs. Duval did not die holding the title to the land so conveyed to her, but, on the contrary, she and her husband had conveyed it all away before her death.

On June 15, 1870, Thomas C. and Nancy Duval conveyed a part of said lands to Thomas Muir and George

Larson for $650.00. On February 23, 1884, 160 acres of the lands, together with 40 acres the title to which stood in Thomas C. Duval, were conveyed by Thomas C. and Nancy Duval to C. M. Samuelson, having been sold to him for $11,400.00, of which he paid $1400.00 in cash, and gave a mortgage to secure 10 notes of $1000.00 each payable in 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 years. These notes were all payable to the order of Thomas C. Duval, and not to the order of Nancy Duval. On March 27, 1884, Thomas C. and Nancy Duval conveyed the rest of said lands to Joseph and Eliza Maxwell, the latter being their daughter, for their lives, they being husband and wife, with remainder to their heirs at law, in consideration of a certain sum and natural love and affection. In April, 1888, shortly after Mrs. Duval's death, Samuelson, being unable to pay what was then due on the mortgage, conveyed the lands sold to him back to Thomas C. Duval, and, in consideration thereof, Duval gave up the notes remaining unpaid to Samuelson, and released the mortgage, and discharged him from further liability thereon. Subsequently Thomas C. Duval sold one half of the 160 acres, and conveyed the other half to Mary M. Ely, one of his daughters.

The proof shows, that the proceeds of the sales of the property went into the hands of Thomas C. Duval without objection from his wife; and the monies were used in his business and in support of his family with her consent. There is nothing in the evidence to show, that the relation of principal and agent existed between Mrs. Duval and her husband, or that she regarded him as her agent. She never objected to the fact that the Samuelson notes were payable to his order, or to his collection of whatever principal and interest was paid thereon. If the husband uses the capital fund of his wife's separate property in his business, or for the support of his family, with her knowledge and assent, a gift may be inferred in the absence of a contrary agreement. (*Reed* v. *Reed*, 135 Ill. 482). The conduct of Thomas C. Duval with reference to the

proceeds of the sales of the property, considered in connection with the relation of husband and wife existing between himself and Mrs. Duval, does not lead to the inference that he occupied the position of agent or trustee. (Idem). The record is barren of any proof of fraud or imposition or unfair dealing of any kind on the part of Thomas C. Duval towards his wife.

After the death of Mrs. Duval her husband was appointed administrator of her estate by the County Court, and settled up the estate, reporting personal assets belonging thereto to the amount of $2500.00. No effort was made by the appellant to compel his father to account as administrator for money or notes or personal property belonging to the estate of his mother. This point was made in the answers as a ground of objection to the jurisdiction of the Circuit Court. The bill expressly alleges the appointment of Thomas C. Duval as administrator, and charges that the report made by him to the County Court as to the amount of the personal estate was false and fraudulent. If he had funds or notes or property in his hands which he withheld from administration, the powers of the County Court were ample to compel him to account for them.

A court of chancery will not exercise jurisdiction over the administration of estates except in extraordinary cases. Some special reason must be shown why the administration should be taken from the probate court. (*Freeland* v. *Dazey*, 25 Ill. 266; *Heustis* v. *Johnson*, 84 id. 61; *Winslow* v. *Leland*, 128 id. 304). Here, the bill alleges no sufficient reason for the intervention of a court of chancery. (*Crain* v. *Kennedy*, 85 Ill. 340).

We are of the opinion, that the bill was properly dismissed for failure to show any grounds for relief, and for want of jurisdiction to grant the relief if it were shown.

The decree of the Circuit Court is accordingly affirmed.

*Judgment affirmed.*