Dunfee v. Mutual B. & L. Ass'n.

## Jonathan Dunfee et al. v. The Mutual B. and L. Association.

1. CHANCERY PRACTICE—*When a Defendant Can Not Assign Error in a Court of Review.*—A defendant against whom the averments of a bill in chancery, well pleaded, have been taken as confessed, can not successfully assign as error, in a court of review, that the proofs in the case do not sustain the decree.

2. SAME—*Decrees Pro Confesso, When Unassailable.*—Where the defendants are persons not under disability, and a default is entered against them, a decree *pro confesso* follows as a matter of course, and if such decree is warranted by the averments of the bill it is unassailable.

**Mortgage Foreclosure.**—Error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 4, 1902.

LLOYD G. KIRKLAND, attorney for plaintiffs in error.

F. WM. KRAFT, attorney for defendant in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is a writ of error prosecuted from a decree of foreclosure and sale under a mortgage made by the plaintiffs in error to the defendant in error, to secure a loan of $3,800, made to them by the defendant in error. Pursuant to the decree the mortgaged premises were sold for an amount $536.91 short of the amount necessary to fully satisfy the decree, and the report of the sale and such deficiency, which was made to the court, was approved, and a deficiency decree for that amount was entered.

The proceedings in the court below were not contested by the plaintiffs in error, or either of them. The only person who contested these proceedings was one Ellis B. Fitch, who was made a party defendant, but who does not join in this error suit, nor claim here that any error was committed in the court below.

The plaintiffs in error were defaulted in the court below, and a decree *pro confesso* was taken against them. It is well-nigh elementary law that a defendant against whom the averments of a bill in chancery, well pleaded, have been taken as confessed, can not successfully assign as error in a court of review, that the proofs in the case do not sustain the decree. Manchester v. McKee, 4 Gilm. 511; Gault v. Hoagland, 25 Ill. 266; Johnson v. Donnell, 15 Ill. 97; Starne v. Farr, 17 Ill. App. 491; Boston v. Nichols, 47 Ill. 353; Hannas v. Hannas, 110 Ill. 53; Monarch Brew. Co. v. Wolford, 179 Ill. 252.

It is said in Gault v. Hoagland, *supra*, " The rule is well settled that a defendant in chancery can not, on error, object to the sufficiency of complainant's proof when the bill is taken for confessed." Again, in Monarch Brewing Company v. Wolford, *supra*, it is said :

" It is a well settled rule that a defendant to a bill in chancery, where a default and decree *pro confesso* have been entered, may, on error, contest the sufficiency of the bill itself, or that its averments do not justify the decree. (Citing cases.) The decree must not be broader than the averments of the bill, and those averments must be such as to justify the relief prayed. Under a decree *pro confesso*, however, a defendant can not, on error, allege the want or insufficiency of the testimony or the insufficiency or amount of the evidence that may have been heard by the court entering the decree. Where the defendants are persons not under disability, and a default is entered, a decree *pro confesso* follows as a matter of course. Such decree, if warranted by the averments of the bill, is unassailable."

Again, in Manchester v. McKee, *supra*, our Supreme Court say :

" Where a bill is taken for confessed from the silence of

the party, he is as much estopped in that particular case from denying its truth—except in particular instances where he may come in under the statute and open it—as if he had appeared in open court and filed an answer confessing the truth of the bill throughout. * * * With such a discretion vested in the court (whether or not to have proofs in support of the bill) it would seem absurd to say that the court acted upon insufficient proof. If it would not be error to make a decree without any proof, it is not easy to comprehend where the error is in rendering a decree upon insufficient proof."

The points urged by the plaintiffs in error relate entirely to the sufficiency of the evidence to sustain the decree, and as we have seen, the decree can not be successfully attacked on that ground by parties who were defaulted and the decree taken against as confessed.

The decree of the Superior Court is therefore affirmed.