WILHELMINA DEITERMAN

v.

MINNIE RUPPEL.

*Opinion filed December 16, 1902.*

1. ADMINISTRATION—*county court may allow claim to fund held in express trust.* A bequest of a legacy to the testator's wife for life and after her death to be paid to another creates an express trust, and the county court, under section 70 of the Administration act, may allow the claim against the wife's estate as of the sixth class.

2. EVIDENCE—*specific objection to evidence cannot be first urged on appeal.* If the only objection to the admission of a copy of a will in evidence in the trial court is that it is incompetent, an objection that it was inadmissible because not accompanied by a properly certified order of the probate court cannot be urged on appeal.

3. PRACTICE—*bill of exceptions should preserve motion to suppress depositions.* Motions to suppress depositions, and the rulings thereon, should be preserved in the bill of exceptions, and the clerk can not make them a part of the record by merely including them in his transcript.

*Deiterman* v. *Ruppel,* 103 Ill. App. 106, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

FRED T. BEERS, for appellant.

D. B. SNOW, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The probate court of LaSalle county allowed the claim of appellee, Minnie Ruppel, against the estate of Elizabeth Schneider, deceased, whereupon appellant, Wilhelmina Deiterman, interested in said estate as legatee, appeared and obtained an appeal to the circuit court of said county, where a trial was had and a judgment rendered allowing said claim in the sum of $2000, as of

the sixth class. On appeal by Deiterman the Appellate Court affirmed the judgment, and this further appeal was then obtained and taken by her.

The claim was, and the evidence showed, that Michael Schneider died more than a dozen years ago, and by his will had bequeathed, among other things, $2000 to his widow, said Elizabeth Schneider, for her life, and after her death to his nephew, John Newberg, Jr., and his niece, said Minnie Ruppel, and, in effect, to the survivor of them. Newberg having died, Ruppel became entitled to the money upon the death of Elizabeth Schneider. The will was probated in Bureau county, but no letters were issued, and Elizabeth Schneider received the $2000, with other bequests, and used it until her death, in 1899. More than the amount of the claim came to the hands of Mrs. Schneider's executor upon her death. The appellant offered no evidence, but to defeat the claim relied on objections to the jurisdiction of the court and to the admission of evidence for the claimant.

It is first contended that the probate court did not, and consequently the circuit court, on appeal, did not, have jurisdiction of the cause of action, for the reason that to sustain the claim it was necessary to establish a resulting trust in favor of the claimant, and that that could only be done in chancery. Without considering the extent of the equitable jurisdiction of the probate court in such matters, it is a sufficient answer to say that the trust was not implied but was express, and by the terms of the will the appellee became entitled to the legacy upon the death of Mrs. Schneider, who had received it for her use during her life, but to be paid over to the nephew and niece after her death. Section 70 of the act in regard to the administration of estates expressly provides that "where the decedent has received money in trust for any purpose, his executor or administrator shall pay out of the estate the amount thus received and not accounted for," as of the sixth class. We

are of the opinion that the court had jurisdiction and that the refusal to dismiss the cause was proper.

It is next said that the proof of the alleged will and of its probate was erroneously received, and that without competent proof thereof there was no evidence upon which to sustain the claim. The claimant offered in evidence a copy of the will of Michael Schneider, certified by the clerk of the county court of Bureau county, where Schneider died and where his will was alleged to have been probated. The objection was that it was incompetent, and the court overruled the objection and admitted the instrument in evidence. The objection urged here is, that this copy was inadmissible as evidence because it was not accompanied by a properly certified copy of the order of court admitting the will to probate. The certificate of the clerk stated that the will had been admitted to probate, but there was no certified copy of the order. The copy of the will may not have been the best evidence, and it might also have been error to admit it in evidence over the objection which counsel now makes; but as he made no such objection on the trial he cannot make it with effect on appeal. *Calumet Dock Co.* v. *Morawetz,* 195 Ill. 398..

Counsel also insists that the court erred in overruling his motion, made on the trial, to suppress certain depositions taken on behalf of the complainant. The bill of exceptions fails to show such motions or the rulings of the court thereon. The clerk cannot make them a part of the record by merely including them in his transcript.

Finding no error the judgment will be affirmed.

*Judgment affirmed.*