THE CITY OF CHICAGO

*v.*

MARY SALDMAN.

*Opinion filed February 21, 1907.*

1. APPEALS AND ERRORS—*specific objection other than that urged to admission of evidence is waived on appeal.* An objection to the admission of a physician's answer to a hypothetical question upon the ground that the question and answer usurped the province of the jury cannot be urged on appeal, where the objection below was upon the specific ground that the question was not based upon any evidence then in the record.

2. EVIDENCE—*what evidence is properly excluded as hearsay.* Where a physician called by the defendant to prove that femoral hernia could not be caused by external violence, admits recollecting one such case in a hospital but has no personal knowledge of the facts of that case, it is proper to exclude a question asking what kind of external violence produced that hernia and what the appearance of the hernia was, since without personal knowledge of the facts his answer to the first branch of the question would be hearsay.

3. NEW TRIAL—*the verdict cannot be impeached by affidavits or statements of jurors.* Statements of the jurors, either sworn or unsworn, as to their own misconduct in the jury room cannot be considered for the purpose of impeaching the verdict; nor can af-

fidavits of jurors be received to the effect that one of their number said in the jury room that he had during the trial talked with a physician, who expressed an opinion as to the cause of the plaintiff's injuries.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding.

FRANK D. AYERS, City Attorney, (EDWARD C. FITCH, of counsel,) for appellant.

BRANDT & HOFFMANN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the First District affirmed the judgment of the superior court of Cook county for $4500 in favor of appellee, rendered in this action brought by her to recover damages from appellant for injuries resulting from a fall on one of its sidewalks. From the judgment of the Appellate Court an appeal was taken to this court.

The sidewalk upon which plaintiff fell was about four feet from the ground, without guards or railings, with boards missing here and there and many other boards loose, and it had been in that condition for some time. Plaintiff and her sister were passing over the walk at about nine o'clock in the evening of April 7, 1900, when plaintiff stepped on a loose board and fell to the ground, and her right arm and side from the knee to the shoulder were bruised. As to these facts there was no conflict in the evidence, so that the cause of action was established, and the only dispute was concerning the nature and extent of plaintiff's injuries. A few days after the fall two femoral hernias were discovered, one in each groin, one of them being about the size of a coffee bean and the other the size of a hen's egg. The larger one was

cured by an operation but the smaller one still remained at the time of the trial. The evidence for the plaintiff tended to prove that these hernias were caused by the fall, and that the use of her right arm had been permanently impaired, so that she could not put it behind her back or raise it high enough to comb her hair. The evidence for the defendant tended to prove that the right arm was not permanently injured but that plaintiff had perfect use of it; that the hernias did not result from the fall but had gradually developed from pre-existing causes, and that in a case where there was no discoloration or external injury, as was the fact here, a hernia could not have been caused by external violence. These questions were sharply controverted at the trial, but they have been settled in favor of the appellee by the judgment of the Appellate Court.

Complaint is made that the superior court admitted incompetent evidence offered by plaintiff. Before there was any evidence that plaintiff had fallen upon the sidewalk a hypothetical question was asked of a doctor testifying in her behalf, assuming that she had fallen to the ground from a sidewalk four feet high ten days before he had seen her. The question was objected to on the ground that the hypothesis of fact was not based on any evidence. The court overruled the objection but no exception was taken, and the ruling is not subject to review. Another doctor testifying for plaintiff was asked for his opinion upon the hypothesis that the plaintiff had no hernia and fell from the sidewalk down three or four feet to the ground, sustaining considerable jar, and that in two or three days after a hernia developed on each side. Defendant objected to the question on the same ground that there was no evidence of the fact, and the objection being overruled, an exception was taken. There was subsequent proof of the facts stated in the questions, and no objection is now made on the ground that the facts had not been proved when the questions were asked, but counsel say that the questions and answers permitted the

doctors to usurp the province of the jury and decide the contested question whether the hernias were caused by the fall. This objection was not pointed out to the trial court and consequently there was no ruling on it. The objection was not even general in character, but was based upon the specific ground that the facts had not been proved, and being so limited, the objection now made cannot be considered. *Deiterman* v. *Ruppel*, 200 Ill. 199.

It is next contended that the court excluded competent evidence offered by the defendant. A doctor examined by the defendant, who testified that he had had a very large experience in femoral hernias, said that he did not remember a single case of such a hernia being produced by external violence, but upon reflection remembered one case at the county hospital where the woman fell. He did not see the fall and knew nothing about the fact, but was asked to state what kind of external violence produced that hernia and what the appearance of it was, and an objection to the question was sustained. The doctor knew nothing about the external violence in that case, or how the hernia was caused, except by hearsay, and the only claim now is that it would have been proper to have him testify as to its appearance, to show that there was laceration of the tissues or discoloration. If counsel had offered to make that proof or the question as to the appearance of the hernia had been asked separately, the court would probably have overruled any objection, but as the question was asked it was not error to sustain the objection.

On the motion for a new trial the defendant presented the affidavits of five jurors stating that while they were deliberating upon their verdict, Peter S. Lynch, another juror, said that he had talked, during the trial, with a doctor who was one of the finest medical professors in the city, and the doctor told him that plaintiff's hernias could not have resulted from child bearing but were the result of a fall upon the sidewalk. The court refused to consider the affidavits,

and in so doing did not err. Affidavits of jurors as to things which took place in their retirement, while considering of their verdict, will not be received to impeach such verdict as returned into court. To hear and consider such affidavits would open the door for fraud and for tampering with weak or pliant jurors, and would render all verdicts insecure. The rule forbidding the impeachment of verdicts by affidavits of jurors as to what transpired in the jury room is founded upon public policy, and any misconduct of the jury when deliberating on the verdict must be established by other evidence. (*Sanitary District* v. *Cullerton,* 147 Ill. 385; *Smith* v. *Smith,* 169 id. 623; *Heldmaier* v. *Rehor,* 188 id. 458; *Phillips* v. *Town of Scales Mound,* 195 id. 353.) The wisdom of the rule is illustrated in this case, in which some of the jurors stated in their affidavits that since the trial they have concluded that injustice was done to the defendant in the amount of the verdict, and they were anxious to overthrow their own solemn act as jurors. For the same reason that the affidavit of a juror is not admissible, any statement by him showing his own misconduct must also be excluded. A juror will not be permitted to make evidence by statements not under oath which he would not be permitted to make under oath. (*Allison* v. *People,* 45 Ill. 37; *Niccolls* v. *Foster,* 89 id. 386.) The rule is conceded by counsel so far as it relates to what occurred in the retirement of the jury, but it is insisted that it does not extend to misconduct of the juror outside of the jury room or wrongful conduct of outside parties. It may be that an affidavit of a juror would be admissible to prove misconduct of a bailiff in charge of a jury, as it is manifest that such conduct could not be otherwise proved. (*Heston* v. *Neathammer,* 180 Ill. 150.) The same thing may be true of improper influence exerted by other parties, but in this case all that the affidavits include is the statements of Lynch in the jury room. There is no evidence whatever that Lynch did, in fact, consult with any doctor or receive any opinion from such doctor. There was

no affidavit of Lynch or the doctor or any one else that any such thing as Lynch stated occurred.

Appellee asks for an award of damages upon the affirmance of the judgment, but we do not regard this as a case where such damages ought to be allowed, and the request is denied.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*