GATES STRAWN *et al.* Exrs., Appellants, *vs.* TRUSTEES OF THE JACKSONVILLE FEMALE ACADEMY *et al.* Appellees.

*Opinion filed April 23, 1909—Rehearing denied June 2, 1909.*

1. WILLS—*when equity will not take jurisdiction to construe a will.* A court of equity will take jurisdiction to construe a will where necessary to direct the conduct or execution of trusts reposed in the executor, but where no trust is created equity will not take jurisdiction to construe a will simply because of the uncertainty of the devisee or to settle mere legal titles.

2. SAME—*effect where no trust is imposed on executors with reference to legacy.* Where a money legacy is given to the trustees of an educational institution, to be held by them as a trust fund, no trust duties are imposed upon the executors of the will, and the mere fact that the educational institution has conveyed its property to another institution and become dormant does not furnish ground for a bill by the executors to construe the will and determine the title of the institution to such legacy.

3. SAME—*when executors will be protected in paying legacy.* The probate court has power to order the payment of legacies given by the will and to determine the legal rights of the legatees, and while any order in that regard may be appealed from by the party aggrieved, yet unless appealed from it is binding upon the parties and affords a protection to the executors.

4. SAME—*when equity will not entertain bill to construe a will.* Where a will devises to the executors certain land, to be held by them in trust for the children of the testatrix, or the survivor of them, as a homestead, after which it is to be conveyed by the executors to the trustees of a certain educational institution, no duty

with reference to such conveyance will arise until the property ceases to be a homestead for the children, and a court of equity will not entertain a bill to determine in advance a controversy which may then arise as to whether the educational institution is qualified to take the property, where no present need for the determination of such question appears.

APPEAL from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding.

This was a bill filed in the circuit court of Morgan county for the construction of certain clauses of the will of Phebe G. Strawn, deceased. The bill alleges that testatrix died February 6, 1906, leaving a will which was dated August 19, 1902, and a codicil thereto dated December 4, 1904, and that the will and codicil had been duly admitted to probate. By the tenth clause of the will the testatrix bequeathed to the trustees of the Jacksonville Female Academy $10,000, to be kept by said trustees "as a perpetual fund, and to be loaned upon good real estate security, and only the interest and income of said fund to be used and expended, said income to be used and expended in maintaining a high-grade school for the education of young women." By the twelfth clause of the will the testatrix gave to her executors, as trustees, the north two-thirds of her homestead property, on which she resided, in trust, to be occupied by the three children of the testatrix for and during their joint lives and the lives of the survivor or survivors of them. Said clause further provided that when the said homestead property ceased to be occupied as a home by any one of testatrix's three children, then the same should be conveyed in fee simple, subject to the conditions and limitations contained in said will, to the trustees of the Jacksonville Female Academy, "to be held, used and enjoyed by the said trustees as a site for an art gallery and school of art, to be known and designated as 'The Strawn Art School and Gallery,' such school and art gallery to be under the manage-

ment and control of the said trustees as an annex, and to be used in connection with the school known as the Jacksonville Female Academy." Said clause directed that the deed should contain a provision that in case the premises ceased to be used for the purposes mentioned for a period of three consecutive years, then all rights of the trustees under said conveyance should cease and determine and the title revert to the executors of the will or the survivor of them, and said executors were directed to sell said premises and divide the proceeds of the sale among the trustees of Illinois College, the trustees of the Jacksonville Female Academy, the trustees of the State Street Presbyterian Church in Jacksonville and the Association for Works of Mercy of the Evangelical Lutheran Church in Illinois. By the fourth clause of the codicil to her will the testatrix disposed of the remaining one-third of her homestead premises to the same parties and upon the same trusts and conditions as the two-thirds disposed of by clause 12 of her will.

The bill alleges that on the 29th of January, 1903, a contract was entered into between the trustees of the Jacksonville Female Academy and the trustees of Illinois College, which recited that the academy was burdened with a large debt and the school was unprofitable, and it appearing that by merging the interests of the academy with those of the Illinois College an increase of the endowment fund of said college to the amount of $150,000, in addition to the property of the academy, could be secured and the cause of female education strengthened, it was agreed that Illinois College should become co-educational and afford all females equal privileges with males; that $50,000 of the endowment be appropriated to the purpose of female education as the consideration for the real and personal property of the academy, and be refunded to it if at any time in the future Illinois College should cease to be co-educational, affording females equal opportunities with males for education. The trustees of Illinois College agreed to hold $50,000 in trust,

the income therefrom to be applied to the purposes of female education in Illinois College so long as it was a co-educational institution, and in the event of the said college ceasing to be co-educational the trustees agreed to pay to the trustees of the Jacksonville Female Academy said trust fund of $50,000 in cash, or such property or securities as said fund should then be invested in. On the same day the trustees of the academy by deed conveyed to the trustees of Illinois College the property, real and personal, of the said academy, subject to a mortgage indebtedness then existing, which the trustees of Ilinois College assumed and agreed to pay. It is by reason of this contract and deed that appellants ask the aid of a court of equity to construe the will.

The bill alleges that the bequest and devise to the academy contemplated and required the management of the fund and property by an active, live corporation, and that said corporation, the Jacksonville Female Academy, had by its contract with and conveyance to the Illinois College become dormant and inactive and disqualified from complying with the terms and conditions of the will; that the residuary legatees and devisees claim that on that account the legacy and devise had lapsed and become a part of the residuary estate; that said residuary devisees and legatees claimed the fund and property bequeathed and devised to the trustees of the academy, and insisted that the payment of it to said academy by the executors and trustees of the will would be unlawful and would render said executors and trustees personally liable.

The circuit court sustained a demurrer to the bill and entered a decree dismissing it for want of equity. From that decree complainants prosecuted an appeal to the Appellate Court for the Third District, and that court being of opinion it had no jurisdiction to entertain the appeal, transferred the cause to this court.

DENT & JACKSON, and W. T. WILSON, for appellants.

BELLATTI & BARNES, for appellees the Trustees of the Jacksonville Female Academy.

J. B. LIPPINCOTT, and R. W. MILLS, for appellee the Illinois College.

Mr. JUSTICE FARMER delivered the opinion of the court:

There is no ambiguity in the will, and the only basis for the application to a court of equity to construe the provisions of the will is the claim of the residuary legatees, one of whom is one of the executors of the will and a complainant in the bill, that by reason of the contract with and conveyance to Illinois College the Jacksonville Female Academy is not entitled to the bequest and devise made to its trustees in the tenth and twelfth clauses of the will.

From the statement of the proposition it is clear that the bill is not one for the construction of a will, the provisions of which are clear and unambiguous, but it is a bill to determine and declare the effect of the conveyance of the academy to Illinois College upon the rights of the devisees and legatees in the will. The original and reply briefs of appellants are almost exclusively devoted to an argument of the proposition that by the contract and conveyance to the Illinois College the trustees of the Jacksonville Female Academy divested themselves of the right to the benefits of the bequest and devise, and that said bequest and devise lapsed and became a part of the residuary estate of the testatrix.

The $10,000 legacy to the trustees of the Jacksonville Female Academy is a money legacy, and as to it no trust is reposed in the executors of the will. Courts of equity will construe wills where necessary to direct the conduct or execution of the trusts reposed in the executor, but where no trust is created, equity will not take jurisdiction to construe a will simply because of uncertainty of the devisee or to settle merely legal titles. (Page on Wills, sec. 806.) In *Minkler* v. *Simons*, 172 Ill. 323, it was said, on pages 325

and 326: "It is first contended that legal rights, only, are involved, and a court of equity had no jurisdiction to construe the will. We think the law is well settled, where no trust is created neither the heir nor the devisee who claims only a legal title in the estate will be permitted to come into a court of equity for the purpose of obtaining a judicial construction of the provisions of the will. In other words, where only purely legal titles are involved and no other relief is asked, equity will not assume jurisdiction to declare such legal titles, but will remit the parties to their remedies at law, as declared in *Strubher* v. *Belsey,* 79 Ill. 308, and cases there cited."

In *Longwith* v. *Riggs,* 123 Ill. 258, the court said, on page 263: "The equitable jurisdiction to construe wills is an incident of the general jurisdiction over trusts. (Pomeroy's Eq. sec. 1156.) It is by reason of the jurisdiction of courts of chancery over trusts that courts having equitable powers, as an incident to that jurisdiction, take cognizance and pass upon the interpretation of wills. (*Chipman* v. *Montgomery,* 63 N. Y. 221.) It is when the court is moved on behalf of an executor, trustee or *cestui que trust,* and to insure a correct administration of the power conferred by a will, that jurisdiction is had to give a construction to a doubtful or disputed clause in a will. The jurisdiction is incidental to that over trusts."

Where a trust is reposed in the executors of a will they may seek the aid and direction of a court of equity in the management or execution of the trust. *Harrison* v. *Owsley,* 172 Ill. 629.

In *Mansfield* v. *Mansfield,* 203 Ill. 92, a clause of the will devised real estate to the testator's children, to be held by them during natural life, and in the event of the death of any of them before the taking effect of the will, then to his surviving child or children. It was further provided in the same clause that if the circumstances or necessities of any of the testator's children required, they should have

power to sell and convey not exceeding one-third in value of the real estate devised them, respectively. One of the testator's sons became heavily involved in debt and judgments were obtained against him and a sale of his land threatened for their satisfaction. To prevent this he made a contract of sale for a portion of the land devised him, conditioned upon it being approved by the courts. A bill was then filed to construe the clause in the will mentioned, to the end that the son might sell and convey one-third in value of the land devised to him. This court held the bill could not be maintained, and said (p. 98) : "As an original proposition, we also think the court below was without jurisdiction to entertain the bill, its only object being to have the circuit court, and, by the terms of the contract between complainant and Blakely, this court, settle the legal title between the complainant and his children,"—citing cases.

The probate court in which the estate is being administered is by the 116th section of the chapter on administration of estates given power and authority to order and direct the payment of legacies mentioned in the will, and this includes the power to determine the legal right of the trustees of the Jacksonville Female Academy to the $10,-000. The executors are not authorized to pay it to the trustees without the order of the probate court, and by section 119 it is provided that a legatee cannot maintain an action against an executor for the payment of a legacy until the probate court shall have ordered it to be paid. Any order made by the probate court, in the exercise of its jurisdiction, as to ordering the payment of legacies may be appealed from by the party aggrieved, but unless so appealed from is valid and binding upon the parties and a protection to the executors. In Page on Wills the author says, (sec. 807,) where a statute gives probate courts authority to direct the payment of legacies, such courts may construe wills in so far as is necessary to direct the payment of legacies. "A court of chancery will not exercise jurisdiction over the ad-

ministration of estates except in extraordinary cases. Some special reason must be shown why the administration should be taken from the probate court." *Duval* v. *Duval*, 153 Ill. 49, and cases there cited.

As to the homestead property devised by the twelfth clause of the will, it does not appear from the allegations of the bill that any reason exists for asking the aid and direction of a court of equity. No duty with reference to that property is imposed upon the executors until it has ceased to be occupied by the children of the testatrix, or the survivor of them, as a homestead. The court will not anticipate that a controversy will then arise and declare the rights of the parties in the event of such controversy occurring. Courts of equity will never entertain a suit to give a construction to or declare the rights of parties upon a state of facts which has not yet arisen, nor upon a matter which is future, contingent and uncertain. 3 Pomeroy's Eq. Jur. sec. 1157; Page on Wills, sec. 806; 22 Ency. of Pl. & Pr. p. 1195.

We are of opinion the circuit court properly sustained the demurrer and dismissed the bill for want of equity, and its decree is affirmed.

*Decree affirmed.*