GEORGE BIEBER *et al.* Plaintiffs in Error, *vs.* MARIE E. PORTER *et al.* Defendants in Error.

*Opinion filed December 22, 1909.*

1. CLOUD ON TITLE—*complainant must allege and prove possession or vacancy of premises.* A bill to quiet title can be entertained by a court of equity only when the complainant alleges and proves that he is in possession or that the premises are vacant and unoccupied.

2. SAME—*when bill to cancel clause of will as a cloud on title cannot be maintained.* A bill to cancel a clause of a will as a cloud upon complainant's title cannot be entertained where possession is alleged to be in the defendant and the only title claimed by complainant is a purely legal one, there being no trust created by the will or alleged in the bill and no relief sought except to construe the clause in question and declare it void.

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding.

JOHN O. SHAULIS, and BROOKS & BROOKS, for plaintiffs in error.

A. H. HANNEKIN, for himself and as guardian *ad litem* for George and Lyle Tyler.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a bill filed in the circuit court of Lee county to declare void the second clause of a certain will as a cloud upon the title of plaintiffs in error. The will in question was executed February 19, 1894, by Mary A. Prime, a resident of Bureau county, Illinois, and the second clause, which is the only part necessary to be set forth here, provided that "after the payment of such funeral expenses and debts I give, devise and bequeath to my daughter, Agnes M. Prime, all the property I may be possessed of at the time of my decease, both real and personal, to have and to hold to her and her children during their natural life, and at her death, if without legal issue, the property, of whatever description, remaining in her possession to be divided as follows: To Maria E. Porter one-half, and to George P., Frederick F. and Sumner H. Williams each share and share alike of the remaining one-half." The bill, after setting up a copy of the will, states that it was duly probated in Bureau county in 1898 and an executor appointed, and that Agnes Prime Tyler is in possession of all the property belonging to the estate of said Mary A. Prime, both real and personal; that said Agnes P. Tyler in 1908 conveyed, together with her husband, to plaintiffs in error, George Bieber and Paul Bieber, by a quit-claim deed, forty acres of land in Lee county which was devised by said will of Mary A. Prime. The bill further alleges that George Tyler and Lyle Tyler are minor children of

Agnes Prime Tyler, and that said Agnes was the only child and heir of Mary A. Prime. The circuit court appointed a guardian *ad litem* for the two minor children. He filed a demurrer, which was sustained on a hearing, and the order dismissing the bill for want of equity is brought here by writ of error for review.

Plaintiffs in error contend that as said Agnes Prime Tyler had children born to her, she obtained a fee simple title, under the will, to all the real estate of her mother, including the forty acres in question. A bill to quiet title can be entertained by a court of equity only when the complainant alleges and proves that he is in possession or that the premises are vacant and unoccupied. (*Glos* v. *Goodrich,* 175 Ill. 20; *Bauer* v. *Glos,* 236 id. 450; *Alton Ins. Co.* v. *Buckmaster,* 13 id. 201; *Glos* v. *Kemp,* 192 id. 72.) Here the bill alleges that Agnes Prime Tyler, one of the defendants in error, is in possession of these premises. While the bill prays for a removal of a cloud upon the title, in effect it seeks the construction of the will. No reason has been suggested why equity has jurisdiction to construe the will. Partition is not sought and no trust is created by the will, nor any allegation made in the pleadings of a trust that would give equity jurisdiction. (*Harrison* v. *Owsley,* 172 Ill. 629; *Longwith* v. *Riggs,* 123 id. 258.) The only title claimed by plaintiffs in error is a legal one, and this does not permit them to come into a court of equity to obtain a judicial construction of the provisions of the will. Where only purely legal titles are involved and no other relief is asked, equity will not assume jurisdiction to declare such legal titles but will remit the parties to their remedies at law. (*Strawn* v. *Jacksonville Academy,* 240 Ill. 111; *Strubher* v. *Belsey,* 79 id. 307; *Minkler* v. *Simons,* 172 id. 323; *Mansfield* v. *Mansfield,* 203 id. 92.) In *Bond* v. *Moore,* 236 Ill. 576, cited by the plaintiffs in error, an application was filed under the Torrence act for the registration of title, thus giving a court

of equity jurisdiction to settle the title there in question. Manifestly, under the authorities the court was without jurisdiction to entertain this bill and therefore rightly dismissed it.

The decree of the circuit court will be affirmed.

*Decree affirmed.*