(No. 26070.—

THE LONDON & LANCASHIRE INDEMNITY COMPANY OF
AMERICA, Appellant, *vs.* HARRY D. TINDALL, Admr.,
*et al.* Appellees.

*Opinion filed June 13, 1941—Rehearing denied September 15, 1941.*

John G. Gilbert, and Elmer J. Medlin, (Loyd M. Bradley, of counsel), for appellant.

Barnard & Barnard, Glenn O. Brown, and Orwin H. Pugh, (Morton John Barnard, of counsel,) for appellees.

Mr. Chief Justice Gunn delivered the opinion of the court:

Appellant, the London & Lancashire Indemnity Company of America, filed its equity suit in the Jackson county circuit court for subrogation and equitable assignment against Harry D. Tindall, successor administrator of the

estate of Nathan C. File, deceased. The prayer of the complaint was granted by the circuit court, and on appeal to the Appellate Court for the Fourth District the decree was reversed and the cause remanded, with instructions to allow a motion to dismiss the complaint for the reason it was a matter within the jurisdiction of the county (probate) court and not of the circuit court. A certificate of importance of the Appellate Court brings the cause to this court.

From the facts it appears that Nathan C. File died intestate on September 9, 1934, and that his son, Henry E. File, who was entitled to one-half of said estate, was appointed administrator. Appellant became surety upon the administrator's bond in the sum of $4000. In May, 1937, an order was entered by the county court of Jackson county requiring an account to be filed by the administrator which disclosed a shortage of $1716.18, which the court ordered him to pay and deliver to Harry D. Tindall, as successor administrator. Having failed to pay as ordered, appellant, as surety, paid said sum in satisfaction of its liability upon said bond. On June 13, 1938, the successor administrator gave notice of final settlement showing a balance on hand, subject to distribution, of $1241.28, of which Henry E. File was entitled to the sum of $620.64.

The complaint in this case was filed June 13, 1938, and prayed subrogation to all of the rights of Henry E. File as son and distributee, to reimburse appellant, in part, for its loss as surety on his bond. Appellees made a motion to dismiss the complaint because the relief sought would deprive the county (probate) court of jurisdiction over the estate of Nathan C. File. This motion was denied and appellees answered denying that plaintiff was entitled to the relief sought, and also alleging that on March 9, 1936, a conditional judgment in garnishment had been obtained by Edith Angell, former wife, against Henry E. File, for $700, and costs. Answer was filed to the intervening peti-

tion of Edith Angell, denying that she was entitled to the relief as prayed in her intervening petition. Henry E. File, the distributee of the estate of Nathan C. File, deceased, was not made a party to the proceeding, although the complaint prayed that his distributive share be decreed to stand for the use of the plaintiff, and the latter be subrogated to all of the rights and benefits of the said Henry E. File, as heir and distributee, and that the rights of the judgment creditors of Henry E. File be decreed to be subordinated to the rights of the plaintiff.

The Appellate Court reversed the decree of the circuit court solely upon the ground that the circuit court had no jurisdiction of the case because it was a matter properly within the probate jurisdiction of the county court. The question certified involves the respective jurisdictions of the probate and circuit courts in subrogation matters.

The rule is that the probate court has no general equitable jurisdiction but can only exercise that power within the zone conferred by section 20 of article 6 of the constitution, which provides that probate courts, "when established, shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators and settlement of their accounts; and all matters relating to apprentices, and in cases of the sales of real estate of deceased persons for the payment of debts." Thus, a probate court is without power to punish a refusal to make good a bid by contempt proceedings (*Hannah* v. *Meinshausen,* 299 Ill. 525) or to require accounting between a guardian and ward for transactions occurring after the ward's majority, (*People* v. *Seelye,* 146 Ill. 189,) or to determine tort liability of the deceased. *Howard* v. *Swift,* 356 Ill. 80.

The term "probate," in common usage, is used with reference to the proceedings incident to the settlement of decedents' estates (*Frackelton* v. *Masters,* 249 Ill. 30) and, also, it is held to mean the settlement of estates, including

the granting of letters testamentary or of administration, collection of assets, allowance of claims, payment of debts, and the sale of real estate, if necessary, for that purpose, and the distribution of the property to those entitled thereto by the laws of descent or by will. (*In re Estate of Mortenson,* 248 Ill. 520.) In the two cases last cited it was held that appointing trustees or administering testamentary trusts did not come within the jurisdiction of probate courts, although the estate must necessarily be settled therein.

A controversy, to involve a probate matter, must necessarily involve some right, claim or property of the deceased. In the case of *Trego* v. *Estate of Cunningham,* 267 Ill. 367, where the matter involved was held to be a probate matter, claim for contribution was filed against the estate of the deceased because the deceased had jointly guaranteed certain notes. This was clearly a probate matter because the claim, if sustained, would have to be paid out of the estate by the administrator as a debt of the decedent. On the other hand, the case of *Chapman* v. *American Surety Co.* 261 Ill. 594, was a suit brought in the circuit court to enjoin action of the probate court in ordering a guardian to account for funds illegally invested in real estate. The probate court did not have such power to authorize an investment of this character, but a court of equity took jurisdiction of the cause to determine whether the investment, admittedly made by a void order of the probate court, might be ratified and upheld upon equitable principles.

The cases cited by appellees do not involve claims of third parties against heirs or distributees, but are cases in which relief was sought in the circuit court which involved estate assets, or property or accounts of personal representatives. Thus *Freeland* v. *Dazey,* 25 Ill. 266, was a bill to require an executor to account; *Harding* v. *Shepard,* 107 Ill. 264, was a bill to determine rights between heirs and executors growing out of the sale of assets; *Duval* v. *Duval,* 153 Ill. 49, was a bill to require an account from

one who could have been required to account by the executor; *Strawn* v. *Jacksonville Female Academy,* 240 Ill. 111, was a bill to charge an executor with payment of a legacy, and *Shepard* v. *Speer,* 140 Ill. 238, was a bill to settle a complicated account. In all of these cases it was properly held the circuit court had no jurisdiction because it is apparent the facts involved the settlement of estate matters; none of these was a case of third parties whose demand was against a distributee growing out of a contract relation between them.

In the present case no claim of appellant is presented against the estate, nor is any right claimed in estate assets. The claim is made against a former administrator, who happened also to be an heir-at-law entitled to a distributive share in the estate. The claim against the heir is sought to be reinforced by a claimed subrogation to rights which the estate held against such former administrator. Subrogation is an equitable remedy, which, in effect, makes an assignment of securities held by the creditor available to the estate or subrogee. (*Bishop* v. *O'Conner,* 69 Ill. 431.) Subrogation means the placing of one in the shoes of another, invested with all the rights of that other, in regard to certain obligations paid by him, who is thus subrogated. It is the substitution of another person in the place of a creditor or claimant, to whose rights he succeeds in relation to the debt or claim asserted, and which has been paid by him, involuntarily. *Dunlap* v. *Peirce,* 336 Ill. 178.

Without deciding whether the facts are sufficient to invoke the doctrine of subrogation, because that matter was not passed upon by the Appellate Court, it is sufficient to say that no right of the estate, or administrator of the estate, or the probate of the estate would be affected by applying the distributive share of the former administrator Henry E. File in satisfaction of the claim of appellant for making good the loss caused by his default. The estate had already been made whole by payment, and it is a matter of

indifference to the administrator, or to the settlement of the estate, to whom he pays the distributive share of one of the heirs.

While it is true the probate court may exercise equitable powers in probate matters, necessarily those matters must have some relation to the estate being administered, but a controversy between a stranger and a distributee cannot be deemed a probate matter merely because it is necessary for the stranger to resort to a court of equity to invoke the right of subrogation. As a matter of fact the complaint does not go so far as to allege that the administrator *de bonis non* held any securities of the defaulting administrator Henry E. File to which subrogation could apply, but only alleges that appellant is entitled to be reimbursed out of File's distributive share. Whether this is sufficient under the general rule applicable to subrogation is not a question for us to here decide. It is sufficient to say that, in our judgment, it is not a probate matter, but a controversy between a surety and his principal as to which one shall be paid the heir's distributive share upon final settlement.

Had a stranger been the administrator and one of the distributees indebted to the surety the remedy would not be in the probate court. It does not add to the appellant's rights that the administrator happened to be one of the distributees. We are, therefore, of the opinion that the circuit court had original equitable jurisdiction to determine whether a right of subrogation exists, because it is beyond the power of a probate court to exercise original equitable jurisdiction, except in connection with a matter which affects the administration of the estate of the deceased. The matter herein involved did not affect his estate, but only that of one of the distributees. We conclude that the Appellate Court was in error in holding that the circuit court was without jurisdiction of the subject matter.

Henry E. File was not a party to the controversy. The fund or money sought to be reached by the proceeding belonged to Henry E. File. It is claimed by appellant it was in the hands of the administrator. Henry E. File was entitled to be heard. For aught that appears he may have a defense against the claim of appellant. In such case, had the money been paid to appellant, the administrator, upon demand, could be required to account to Henry E. File for his distributive share.

The rule seems to be universal that in a suit for subrogation the person whose property is to be applied in discharge of a debt by subrogation is a necessary party to the proceeding. (*Dyer* v. *Jackoway,* 76 Ark. 171, 88 S. W. 901; *Hook* v. *Richeson,* 115 Ill. 431; *Michigan City* v. *Marwick,* 67 Ind. App. 294, 116 N. E. 434; *Guill* v. *Corinth Bank,* 24 Ky. L. 482, 68 S. W. 870; *Doty* v. *Enterprise Timber Co.* 114 Miss. 872, 75 Sou. 602; *Schneider* v. *Schmidt* (NJC), 70 Atl. 688; *Defiance Mach. Works* v. *Gill,* 170 Wis. 477, 175 N. W. 940.) It is a general rule of equity pleading that all persons should be made parties who are legally or beneficially interested in the subject matter of the litigation, and who will be affected by the decree, so as to enable the court to dispose of the whole controversy. (*Riley* v. *Webb,* 272 Ill. 537; *Cowles* v. *Morris & Co.* 330 id. 11.) If the lack of parties is brought to the attention of the court, be it one of original or appellate jurisdiction, the court should not proceed further in the matter until the omission has been corrected, even though no objection is made by any party litigant. *Texas Co.* v. *Hollingsworth,* 375 Ill. 536; *Gerard* v. *Bates,* 124 id. 150; *Abernathie* v. *Rich,* 229 id. 412.

We note plaintiff's original attorney in the case, now an acting circuit judge, appears on the brief of appellant as of counsel. Whether this occurred with or without his consent, we do not commend the practice, even when the record shows he has withdrawn from the case.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court, with leave, within a reasonable time, to amend the complaint to bring the necessary party before the court.

*Reversed and remanded, with directions.*