Joseph Reese Guttman, Trustee, Petitioner-Appellant, v. Estate of Elza Guttman, Deceased, and Jack I. Gray, Individually and as Administrator of the Estates of Bernard Guttman and Elza Guttman, Deceased, Respondents-Appellees.

Gen. No. 48,066.

First District, First Division.
November 7, 1960.
Rehearing denied November 28, 1960.

85

Alfred M. Loeser, of Chicago, for appellant.

Eugene Lieberman, of Chicago, for M. Reese Guttman, and William J. Robinson, of Chicago, for Jack I. Gray, as Administrator, appellees.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

Petitioner appeals from an order of the Circuit Court of Cook County, after a hearing de novo, which effectually decided that the Probate Court had jurisdiction to deny petitioner's claim. From the Circuit Court order petitioner appealed directly to the Supreme Court of Illinois which transferred the case here.

Petitioner is successor-trustee under the joint will of Bernhardt and Elza Guttman, his mother and father. Elza Guttman survived her husband, and plaintiff, as successor-trustee under the joint will, filed a claim for $45,000.00 against her estate on the ground that trust

funds had been commingled. The Probate Court disallowed the claim in two orders entered April 30 and June 5, 1956. These orders were approved by petitioner and his attorney and no appeal was taken to the Circuit Court from them. On March 5, 1958 plaintiff sought leave to file a petition in the Probate Court to set aside the orders. The motion was denied and from the order denying his motion, plaintiff appealed to the Circuit Court.

■ The transfer of this cause from the Supreme Court removed the constitutional question from the appeal. City of Chicago v. Campbell, No. 48,007, Ill. App., First Dist., Oct. 19, 1960. The only question now is whether the Probate Court exceeded its jurisdiction in entering the orders of April 30 and June 6, 1956.

The orders in question found that the "Will of Bernhardt Guttman," deceased, provided a trust for the benefit of Elza Guttman for life with equal remainder interests in the corpus to M. Reese Guttman and Joseph R. Guttman; that subsequently Elza Guttman had renounced; that at no time were the terms of the trust carried out, nor was the trust acted upon and that, therefore, no trust had existed; and that the funds of Elza Guttman had been so commingled that no trust funds could be traced.

■ The Constitution of Illinois, Article 6, par. 20 provides that Probate Courts, when established, "shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators and settlement of their accounts. . . ." The term "probate" commonly is used with reference to proceedings incident to settlement of decedents' estates, including allowance of claims. London & Lancashire Indemnity Co. of America v. Tindall, 377 Ill. 308, 311–12, 36 N.E.2d 334 (1941).

■ Money and property received or held in trust by the decedent, which cannot be traced, constitutes

87

the fifth class of claims under the Probate Act. Ill. Rev. Stat., ch. 3, sec. 354 (1959). In Deiterman v. Ruppel, 200 Ill. 199, 65 N. E. 707 (1902) a bequest to a wife for life and after her death to be paid to another was held to create an express trust and the Probate Court was held to have jurisdiction to determine a claim based on the trust. The jurisdiction in that case was founded on the sixth class of claims under section 70 of the Act of 1872 (monies received by decedent in trust for any purpose), the predecessor of the fifth class of claims under the present Probate Act, Ill. Rev. Stat., ch. 3, sec. 354 (1959). Therefore, the Probate Court has jurisdiction to determine matters pertaining to settlement of claims, including claims for alleged trust funds held in the estate.

■ The orders which petitioner claims are void for want of jurisdiction arose out of an adjudication of Joseph R. Guttman's claim against the estate of Elza Guttman. If sustained, the claim would have to be paid out of the estate by the executor. The Probate Court had jurisdiction of the claim (Deiterman v. Ruppel, 200 Ill. 199, 65 N. E. 707 [1902]) and the contention that the orders were void is without merit.

It is true that the court in In re Estate of Mortenson, 248 Ill. 520, 94 N. E. 120 (1911) found that testamentary trusts were not within the jurisdiction of the Probate Court. But that case is restricted on its facts and by its language to "the supervision and control of trusts" and does not extend to a claim based on commingled trust funds in the decedent's estate. The court in entering the instant order did not assume supervision or control of a trust.

We need not consider any other point raised.

For the reasons given the judgment is affirmed.

Affirmed.

BURMAN and MURPHY, JJ., concur.