(No. 12793.—Decree affirmed.)

REBECCA MAGUIRE, Trustee, Defendant in Error, vs. THE
CITY OF MACOMB, Plaintiff in Error.

*Opinion filed June 16, 1920.*

1. WILLS—*whether condition is precedent or subsequent depends upon intention and not upon technical language.* The same words may be employed to create either a condition precedent or a condition subsequent, and in every instance the condition is to be considered precedent or subsequent, according to the clear intention of the maker, to be collected from the whole instrument, and technical words, if any are used, yield to that intention.

2. SAME—*when conditions are precedent.* If the language of the whole will shows that the act on which the estate depends must be performed before the estate can vest, or if the grant is without other consideration than the performance of the specified conditions, the conditions are precedent.

3. SAME—*when devise to city for park purposes is upon condition precedent.* A devise of land to a city for park purposes is upon condition precedent, where the devise is expressly subject to the condition that the city within a reasonable time take possession of and improve the property in a manner adapted to park purposes, and where, instead of a clause providing for forfeiture or re-entry upon failure to comply with the condition, the executrix is directed in such case to sell the land and apply the proceeds to such charitable purposes as she shall deem best.

4. SAME—*estate subject to condition precedent does not vest until all conditions have been complied with.* A devise or bequest upon condition precedent does not become effective until the condition is performed, and where a condition precedent embraces several requirements the estate does not vest until all of them have been complied with.

5. SAME—*what is not performance of condition precedent within a reasonable time.* Where property is devised to a city for park purposes upon the precedent condition that the city take possession of and improve the land within a reasonable time, the city will be deemed to have neglected to perform the condition where its first appropriation for that purpose is approximately seven years after the probate of the will and no possession is ever taken by the city of the devised premises, although it is authorized to do so under the statute.

6. SAME—*an executor will be held to be a trustee where he is charged with a trust.* Where an executor is charged with duties

which do not properly belong to him as such but to a trustee he will be held to be a trustee, and where a testator creates a trust for charitable purposes and charges his wife by name, as executrix, with duties properly belonging to a trustee, the wife is a trustee in fact, and an order of the county court discharging her as executrix is void as to the unsettled portion of the estate.

7. SAME—*trustee is devised a fee when empowered to convey a fee.* Where a trustee is required by will to convey a fee a fee is conferred upon the trustee by the will, as the estate of a trustee in real estate is commensurate with the powers conferred by the trust and the purposes to be effected by it.

8. WORDS AND PHRASES—*meaning of term "within a reasonable time."* A requirement that certain acts shall be performed within a reasonable time means that such reasonable diligence shall be exercised as under all of the existing and subsequent circumstances may fairly be expected, and what is a reasonable time is a question of law and fact, to be determined from a consideration of all the facts of each particular case.

9. TRUSTS—*discretion vested in a trustee is subject to control of court of chancery.* Where great discretion is vested in a trustee the exercise of such discretion is subject to the control of a court of chancery, and the court, having obtained jurisdiction by reason of the trust, is empowered to determine all questions that may arise in the progress of the case and to do complete justice.

10. CLOUD ON TITLE—*what is a cloud on the title.* A semblance of title, either legal or equitable, which, if valid, would affect or impair the title but which can be shown by extrinsic evidence to be invalid, is a cloud on the title.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding.

T. ERNEST SWITZER, City Attorney, MILLER & WALKER, and O'HARRAS, WOOD & WALKER, for plaintiff in error.

PHILIP E. ELTING, and ANDREW L. HAINLINE, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

David R. Maguire died testate May 11, 1909. His will was admitted to probate June 28, 1909. The eighth and ninth clauses of the will read as follows:

"*Eighth*—I further give, devise and bequeath to the city of Macomb, subject, however, to the conditions hereinafter named and set forth, following described real estate: [Here follows a description of about seventy-two acres of land situated in McDonough county, Illinois.] The devise of the several tracts or parcels of land mentioned in this eighth paragraph to the said city of Macomb is subject, however, to the following conditions: That the said city of Macomb, within a reasonable time after this my last will and testament has been admitted to probate, file in the county court of this county, by its proper corporate officers, an acceptance of this devise under the conditions herein set forth; that the said city of Macomb, within a reasonable time, take possession of several tracts or parcels of land and improve the same in a manner adapted to public park purposes; that the said city of Macomb maintain said several tracts or parcels of land as a free public park for the use and benefit of the general public; that the said city of Macomb, through its city council, provide for the proper governing, caring for and policing of said several tracts or parcels of land by ordinances or by providing for a board of commissioners for such purposes. In the event the city of Macomb neglects or refuses to comply with the conditions of this devise, or if for any reason the said city of Macomb cannot legally comply with the conditions herein, or in the event the city of Macomb accepts this devise and fails or refuses to comply with any and all of the conditions herein set forth, then I hereby direct and authorize and empower my said executrix hereinafter named to sell all of said tracts or parcels of land mentioned in this eighth paragraph and to use the proceeds of such sale or sales for such charitable purposes as she shall deem best and proper.

"*Ninth*—I hereby constitute and appoint my wife, Rebecca Maguire, executrix of this my last will and testament, and hereby authorize and empower the said Rebecca Maguire, as such executrix, to sell and convey any and all real

estate owned by me at the time of my death except the real
estate herein conveyed to my said wife for and during her
natural life, and also excepting the several tracts or parcels
of land hereinbefore conveyed to the city of Macomb upon
the conditions hereinbefore set forth, but if the city of Ma-
comb shall neglect or refuse to comply with the said con-
ditions, then I hereby authorize and empower the said Re-
becca Maguire, as such executrix, to sell and convey said
real estate as heretofore set forth in paragraph 8, hereby
giving and granting to my said executrix full authority and
power to sell and to make such conveyance as fully and the
same as I myself might do if living."

On April 29, 1913, defendant in error, Rebecca Maguire,
as an individual, filed a bill in chancery in the circuit court
of McDonough county against the city of Macomb, Edward
Maguire, Harriet Harris and Amanda Updegraff, the last
three named being the heirs of the testator. This bill was
of the same character as the second amended bill filed on
May 15, 1917, by Rebecca Maguire as trustee under the
last will and testament of David R. Maguire, on which lat-
ter bill the cause was tried in the lower court. In the sec-
ond amended bill defendant in error, as trustee, and the city
of Macomb, were the only parties. The object of the bill
was to have an ordinance and written acceptance of said
land by the city canceled and set aside as alleged clouds
upon the title of defendant in error, to have the title of
the land confirmed in her as trustee, and to have the court
advise her as to her duties concerning the execution of the
alleged trust created by the eighth clause of the will. An
answer was filed to the second amended bill by plaintiff in
error and replication was filed to the answer. The cause
was referred to the master in chancery, who was directed
to take evidence and report the same without his conclu-
sions. On the coming in of the master's report, and at
the hearing before the court, the court found that the con-
ditions above set forth in the eighth clause are conditions

precedent, and that plaintiff in error, by reason of its neg-
lect and failure to comply with the conditions in the devise
as therein required, acquired no right, title or interest in
and to said premises or any part thereof.   It was decreed
by the court that the right or authority is vested by the
will in defendant in error, as executrix, to sell said land and
to apply the proceeds of such sale or sales to such charitable
purpose or purposes as she shall deem best and proper, as
provided in said will; that prior to the making of said sale
she should file a bond in the sum of $10,000, conditioned
for the faithful execution of the trust and for the faith-
ful application of the proceeds, and that she report to the
court the charitable purpose or purposes deemed by her best
and proper for the application of the proceeds of the sale.
This writ of error is prosecuted by the city to review the
court's decree.

The land described in the eighth clause of the will is sit-
uated in Macomb township, about two miles distant from
the city of Macomb.   On August 4, 1909, the city of Ma-
comb filed its acceptance of said devise in the county court
of McDonough county, signed by the mayor and attested
by the city clerk, after the city council, at a regular meeting
held August 2, 1909, had ordered and directed it to be done.
The acceptance was in this language:   "And now comes the
city of Macomb, Illinois, one of the legatees under the will
of the said David R. Maguire, deceased, and files its accept-
ance of the devise to said city contained in said will.   This
action is in pursuance of the action of the city council of
said city taken at a regular meeting of said city council held
on the second day of August, A. D. 1909."

On April 19, 1910, the city council of said city passed an
ordinance entitled "An ordinance accepting certain lands for
public park purposes, naming same, and providing for the
improvement, care and control of the same."   By section 1
of the ordinance the land devised to the city for public
park purposes was fully described and accepted by the city

on the terms and conditions set forth in the will. Section 2 provided that said land shall be known as Maguire Park. Section 3 provided that the same should be improved and maintained by the city as a free public park for the uses and benefit of the general public. Section 4 provided that the committee on parks and public buildings of the city take possession of said land and make necessary improvements for park purposes. Section 5 provided for the appointment of a park officer to look after the property, with the express provision that he was to do so without pay. Section 6 provided the duties of this officer, and section 7 provided that the ordinance should be in force and effect from and after its passage.

The Maguire Park committee appointed by the city met from time to time, visited the park, and a committee was appointed to wait upon defendant in error and ascertain her wishes concerning the work of improving the park. In accordance with her desire the committee employed a county surveyor and had a survey and plat of the premises made. Actual possession of the property was never taken by the city but was held by a tenant of defendant in error. Defendant in error remained in possession of the premises through her tenant until the original suit was brought, in 1913. The evidence shows that she was ready and willing for the committee to take possession of the premises at all times, provided it did so with a view to carry out the provisions of the will according to said eighth clause. She paid all taxes on the property after the death of her husband. The city never at any time manifested any disposition whatever to take possession of the land and make appropriations to improve the same for park purposes. The record shows clearly that it was the sentiment of the mayor of the city during that time that the city had all the park land within its boundary that it could keep up and maintain, and that the city was not able to or disposed to expend any money on the land in question for park purposes.

Its committee even proposed to defendant in error that it would arrange for the land to go back to her for a certain consideration much less than the value of the land, which offer she absolutely refused and insisted that the terms of the will should be carried out. The city never appropriated any money for the improvement and maintenance of the land until 1916, after this litigation had already been started. In June, 1912, a citizen's committee was appointed to solicit public subscriptions to meet the conditions of the will or to create a fund for maintaining the park. This committee succeeded in raising but $13 and incurred $2.90 expenses in collecting that amount. The committee went on the premises at one time and located a place to plant some rose bushes, but they were never purchased for planting. This committee also appointed a policeman over the park, but the ordinance provided for this appointment by the mayor with the approval of the council. In February, 1913, the committee had a load of hedge posts hauled to fence the land, but the posts were never set. The committee shortly thereafter asked to be relieved of its duties, and no further action was taken relative to the land by the city until 1916, when the city council for the first time appropriated a small amount of money to meet the conditions of the will. The evidence is clear and conclusive that the city never complied with any condition upon which the land was devised to the city except the first condition as to acceptance, and that it did not in good faith intend to comply with the conditions upon which the devise was made.

Plaintiff in error's contentions are (1) that the condition of the devise requiring the city to file in the county court, within a reasonable time after the probate of the will, an acceptance of the devise under the conditions therein set forth was the only condition precedent and that it was complied with, and that thereby the city became vested with the title to the property subject to the other conditions named in the will, which are conditions subsequent; (2) that any

failure upon the part of the city to comply with the further conditions of the will was due wholly to the action of defendant in error, and therefore no forfeiture should have been decreed; (3) that the conditions were required to be performed by the city within a reasonable time, and that a reasonable time had not elapsed when the original bill in this case was filed; (4) that the only interest devised to defendant in error under the will is a naked power of sale, and for that reason she had no right to maintain her bill to set aside the city's acceptance and the city's ordinance as clouds upon the title and no right to ask for a decree of forfeiture against the city; (5) that defendant in error had been discharged as executrix before the filing of her bill, and for that reason she had no right to maintain the bill and was also estopped from seeking a forfeiture upon the part of the city.

We think that the court decided correctly that the conditions on which the foregoing devise was made were conditions precedent and not conditions subsequent. It requires no technical words to distinguish between conditions precedent and conditions subsequent, the distinction being a mere matter of construction. The same words may be employed to create each, according to the intent of the person creating the condition. In every instance a condition is to be considered precedent or subsequent, according to the clear intention of the maker to be collected from the whole instrument, and technical words, if any are used, yield to intention. If the language of the whole will shows that the act on which the estate depends must be performed before the estate can vest, the conditions are precedent. (2 Alexander on Wills, sec. 1033.) The devise in question of the several tracts of land is expressly by the terms of the will made subject to the conditions therein named. It is admitted by plaintiff in error that the first condition is a condition precedent, and it is equally clear that the next condition, that the city shall within a reasonable time take possession of

the several tracts or parcels of land and improve or make provision for improving the same for public park purposes, is also a condition precedent. The intent of the testator, as clearly expressed, is, that the devise is made on the condition that the city not only accept the gift within a reasonable time but that it take possession of the premises within a reasonable time, and with the intent and purpose of carrying out all of its obligations concerning the will. The testator evidently made this devise with the clear understanding that the city might not desire or be inclined to accept the duties and obligations imposed upon it by the terms of the gift, and evidently for that reason he made it incumbent upon the city to accept the gift and take possession of the premises and provide for their improvement as an evidence that his wishes would be carried out concerning this devise, and that these conditions were conditions precedent to the vesting of the title to the property in the city. This is further evidenced by the fact that there is a devise over of the property or a direction and authority to the executrix to sell the tracts or parcels of land and apply the proceeds to such other charitable purposes as she should deem best and proper. In order for the executrix to carry out the terms of this will it was necessary for her to know within a reasonable time that the devise would not only be accepted but that the land would be taken possession of and the proper provisions made for making it a public park. The will does not contemplate or provide in terms for a re-entry in case the conditions are not complied with or for a forfeiture of title, as is the case generally in conditions subsequent. It is simply a devise on condition that the city shall do certain things within a reasonable time before the title shall pass. It is also a general rule that if the grant is without other consideration than the performance of the specified conditions it is a condition precedent. This latter character of conveyances is usually an executory contract to convey or is testamentary in character. This devise

is made for the express purpose, and only for the express purpose, of having the conditions carried out, and it is without other consideration. Devises of this character are usually regarded as on conditions precedent. (8 R. C. L. 1099.)

The general rule is that a devise or bequest upon conditions precedent does not become effective until the conditions are performed, and when a condition precedent embraces several requirements the estate does not vest until all of them have been complied with. (2 Alexander on Wills, sec. 1035; *Nevius* v. *Gourley*, 95 Ill. 206.) This is in accordance with all the definitions given of conditions precedent by standard authors. Blackstone defines conditions precedent as such as must happen or be performed before the estate can vest or be enlarged, and conditions subsequent as such as by failure or non-performance an estate already vested may be defeated. (2 Blackstone's Com. 154.) From the language of the eighth clause of the will, if noted carefully, it will be seen that the words "upon condition" do not occur anywhere therein, and there are no other words of equivalent meaning to indicate that the conditions are conditions subsequent. There is no clause providing for forfeiture or re-entry, and some such words are usually employed when the intention is to create a condition subsequent. *Gallaher* v. *Herbert*, 117 Ill. 160.

As the conditions set forth in the eighth clause of the will are conditions precedent, the claim of plaintiff in error that the court was without jurisdiction to declare a forfeiture is without significance as no forfeiture was declared by the court, the finding and decree being that no title ever vested in the city because of its failure to comply with all the conditions precedent.

Plaintiff in error's contention that even if the conditions named in the will are to be regarded as conditions precedent the city was excused from the performance of them on account of being hindered and prevented from fully performing them by the acts of defendant in error is not sus-

tained by the evidence in the record, as already indicated. While it is true that the widow remained in possession of the premises by a tenant who was pasturing the premises, still, upon every interview with her by the city's committee or any representative she manifested at all times a complete willingness and desire to give possession to the city and to have it carry out the provisions of the will. She did say to them at various times that she preferred for them to wait until the end of the tenant's lease, but as year after year rolled around the city made no attempt to take possession at the end of the lease or at any other time or to make any *bona fide* effort to comply with the terms of the devise. There was no substantial performance or attempt at performance on the part of the city of the conditions required of it, and it is entirely clear from the record that it manifested no disposition or desire to attempt any substantial performance of the conditions until the year of 1916. The position of its mayor and its aldermen was to the effect that the city was not able to and not disposed to make any public expenditures to establish and improve Maguire Park.

The original bill was filed in this case almost four years after the will was probated. The first actual appropriation made by the city for the purpose of performing the conditions of the will was approximately seven years after the probate of the will, or in 1916, and no possession was ever taken by the city of the devised premises. The rule that certain acts shall be performed within a reasonable time requires that such reasonable diligence shall be exercised as under all of the then and subsequent existing circumstances may fairly be expected. (2 Pope's Legal Defenses, 1351.) What is a reasonable time is a question of law and fact, to be determined from a consideration of all the facts and circumstances of each particular case. (*Green* v. *Old People's Home,* 269 Ill. 134.) It must be inferred from the terms of the will that the testator intended that the city.

should take possession within a reasonable time,—such time as would assure the possession, improvement and maintenance of the land in question as a free public park. (*In re Pierpoint's will*, 72 Vt. 204.) Plaintiff in error was authorized to acquire the land in question for the purpose of providing a public park, and was authorized to enclose, improve and maintain the same and regulate the use thereof by ordinance because the city of Macomb does not exceed 15,000 inhabitants and the land lay within four miles of its corporate limits. (Hurd's Stat. 1917, p. 530.) The city was authorized by statute to borrow money and levy and collect a general tax for the purpose of improving and maintaining such park in the same manner as for the purpose of purchasing and maintaining waterworks under the laws of this State and had the right to appropriate money for the same. No effort was made by the authorities, within such time as might be considered reasonable, to levy and collect a general tax for that purpose, and there never was any attempt to issue bonds for the purpose of making any improvements. No possession of the premises was taken or attempted by the city in its corporate capacity. Under all the circumstances of the case we think that a reasonable time had elapsed for the performance of the conditions precedent before plaintiff in error filed her original bill.

The law is well settled that where an executor or executrix is charged with duties which do not properly belong to such officer but to a trustee, such executor or executrix will be held to be a trustee. The testator in this case created a trust for charitable purposes and charged his wife by name with duties properly belonging to a trustee, and the fact that he merely designated her as executrix, without distinguishing the duties imposed upon her as trustee from her duties as executrix, does not amount to a failure to appoint a trustee. She was a trustee in fact. (*Kemmerer v. Kemmerer*, 233 Ill. 327; *Welch v. Caldwell*, 226 id. 488.) An order of the county court discharging her as executrix

is void as to the unsettled portion of the estate. (*Starr* v. *Willoughby*, 218 Ill. 485.) The trustee in this case was vested with great discretion. She applied to a court of chancery for an order to sell the property and to apply the proceeds of the same to some charitable purpose. One of the oldest heads of chancery jurisdiction is the execution and control of trusts and trust funds. (*Hopkins* v. *Granger*, 52 Ill. 504.) Where great discretion is vested in the trustee the exercise of such discretion is subject to the control of a court of chancery. (*Jones* v. *Jones*, 124 Ill. 254; *Welch* v. *Caldwell, supra.*) Where the court obtains jurisdiction by reason of the trust it is empowered to determine all questions that might arise in the progress of the case and to do complete justice. (*Strawn* v. *Jacksonville Female Academy*, 240 Ill. 111.) The acceptance and ordinance in question were clouds on defendant in error's title, and she had a right to have them removed before she made a sale of the property. A semblance of title, either legal or equitable, which, if valid, would affect or impair the title but which can be shown by extrinsic evidence to be invalid, is a cloud on the title. (*Glos* v. *People*, 259 Ill. 332.) The trustee was required in this case to convey a fee. The fee, therefore, was conferred upon her by the will. The estate of a trustee in real estate is commensurate with the powers conferred by the trust and the purposes to be effected by it. (*Welch* v. *Caldwell, supra; Kemmerer* v. *Kemmerer, supra; Lord* v. *Comstock*, 240 Ill. 492.). Defendant in error is executrix and trustee under the will, and it is immaterial that the decree orders her to proceed as executrix although in the bill she is described as trustee, merely.

The court properly decreed the acceptance and ordinance to be clouds upon the title and correctly decided the merits of the case, and its decree is therefore affirmed.

*Decree affirmed.*