### No. 775

### KLINE et al v. SMITH

Ohio Appeals, 3rd District, Allen County
No. 340. Decided May 31, 1923

### 367. TRIALS.

All questions of fact must be submitted to the jury, even if there be no conflict of evidence, or contradictory of plaintiff's claim.

HUGHES, J.

#### Epitomized Opinion

Smith brought an action against Kline and his wife to recover under a contract which he claimed had been made with them jointly for services in taking care of a dairy, farming the wife's farm, and for the sale of hay. Kline pleaded general denial and payment, while his wife asserted that she had no contractual relations with plaintiff. The court in its charge directed the jury to find for plaintiff in some amount against the defendant Kline. Later in the charge, the court told the jury that if Kline's wife participated in the benefits of the labor of plaintiff, she was also liable. It was admitted in the evidence that she did participate in these benefits, therefore the charge was a direction against her. The trial resulted in a verdict for plaintiff against both defendants. Defendants prosecuted error. In reversing the judgment, the Court of Appeals held:

1. It is the duty of the trial court to submit to the jury issues of fact, even though there be no conflict of evidence upon the questions, and even though the defendant has not offered evidence to contradict the claims made by the plaintiff, which had been supported by evidence tending to prove them. The court in this case took most of the issues of fact out of the hands of the jury and decided them in favor of the plaintiff, thus prejudicial error was thereby committed.

Attorneys—Lippincott & Lippincott, for Kline et al; Ernest M. Botkin, for Smith.

### No. 776

### MULL v. MORRIS

Ohio Appeals, 9th District, Summit County
No. 753. Decided June 20, 1923

### 380. WILLS.

Executor need not notify legatee of bequest unless will so provides.

### 376. TRIALS.

Error for trial judge to render judgment against party before he is allowed to prove his entire defence.

PARDEE, J.

#### Epitomized Opinion

Action by Myra Morris, legatee under her mother's will, against her brother, Fred Mull, executor. In her will the mother bequeathed $2,000 to her daughter, but provided that if the latter did not claim the bequest within two years after her death, then it should go to her son. Morris lived in a distant state and had not communicated with her mother for over twelve years before her death. She did not claim the bequest until over two years after her mother's death, but she had not been notified of the bequest by her brother and claimed that he did not use reasonable diligence in trying to locate her. Before Mull had completed his defense or the case had been rested, the trial judge rendered judgment over defendant's objection and exception. In reviewing the judgment the Court of Appeals held:

1. "We are therefore unanimously of the opinion that the failure of said plaintiff to claim said legacy within the time specified in said will, prevented the same from vesting in her, and that at the expiration of said two-year period the same immediately vested in said defendant Frank Mull, and there was no duty imposed on him either by the will or by law requiring him to search for or notify said plaintiff of her rights under said will, and if we should annex such conditions to said bequest we would be adding conditions which the testatrix did not see fit to impose and would in fact be making a new will for said decedent." See 2 Chan. L. R. 656, 77 Pa. 282; 293 Ill. 441; 74 Mich. 491; 16 Maine 158; 185 Mass 560.

2. It was error for the trial court to render judgment before defendants had a full and complete opportunity to be heard, as this deprived them of their constitutional right to have their day in court.

Attorneys—R. C. Ryder and Musser & Huffman for Mull; G. Thomas & Buckingham and H. I. Snyder, for Morris.