(No. 19814.—

THE CITY NATIONAL BANK AND TRUST COMPANY OF EVANSTON, Appellee, *vs.* ISABELLA WHITE *et al.* Appellants.

*Opinion filed December 20, 1929.*

DENISON, WATKINS & WHITE, (J. HAROLD MOSELY, of counsel,) for appellants.

HETH, LISTER & COLLINS, for appellee.

CHAMPION J. WARING, for Samuel T. Blackwell *et al.*

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The City National Bank and Trust Company (formerly the City National Bank) of Evanston, Illinois, as executor and testamentary trustee under the will of James H. Blackwell, deceased, 'filed its bill during July, 1928, in the circuit court of Cook county, to construe the will of the testator as to the devise in trust of certain real estate owned by him at the time of his death, and also seeking authority to use moneys in its possession, obtained from the rentals of the real estate, for the payment of debts against the estate. The bill alleged that James H. Blackwell, of Cook county, Illinois, died December 12, 1926; that he left a will, which was admitted to probate in the probate court of Cook county on January 26, 1927, and letters testamentary were issued at that time to complainant, as executor; that the testator owned five lots located in the city of Evanston, and these were described in the bill. By the terms of the will he gave to his sister, Isabella White, a life estate in two of the lots and the remainder therein to the City National Bank of Evanston in trust for his nephews and nieces and to their lineal descendants in perpetuity. The residue of his real estate, consisting of three other lots, he gave to the same bank in trust for the use and benefit of the same nephews and nieces and to their lineal descendants in perpetuity. The heirs-at-law of the testator, as shown by the table of heirship approved by the probate court of Cook county, were named, and consisted of four brothers, a sister and the three children of a deceased sister. The bill alleged that complainant had in its custody certain moneys

which it had collected as rents from the real estate owned by the testator; that in order to pay all the debts and costs of administration of the estate it was necessary to use part of the proceeds of the rents unless a sale of the real estate, or a portion thereof, were made. The bill also alleged that the authority to act, as provided under the terms of the will, in the capacity of testamentary trustee was doubtful on account of certain alleged ambiguities and uncertainties in the will and owing to the fact that the devises of the real estate in trust appeared to be unlawful and void by reason of being in violation of the laws of the State of Illinois. All of the heirs-at-law of the testator and the beneficiaries under the trust in his will were made parties defendant. The appointment of a guardian *ad litem* was requested for some of the nieces and nephews, and the bill prayed that all the parties defendant be required to make answer to the bill, setting forth their respective claims, rights and interests under the will. A copy of the will was filed with the bill. The nieces and nephews not of age appeared by their guardian *ad litem* and answered, placing their interests under the protection of the court. Three of the brothers of the testator answered, admitting the material allegations of the bill and averring that the devises in trust in the will were void and that they were each entitled to a one-sixth interest in the testator's estate. The other defendants answered the bill, admitting the allegations in the bill pertaining to the ownership of the property by the testator, his death, the probating of the will and the issuance of letters testamentary to complainant. The answers of the defendants averred, in substance, that the two lots devised to the testator's sister, Isabella White, for life, were the homestead of the testator, and that the nieces and nephews named in the will were all his nieces and nephews and that all of them survived the testator; that when the will was made one of the testator's nephews and one of his nieces had children, and these children were still living at the time of

the death of the testator. The answers denied that complainant had any right, power or authority to handle or manage any of the real estate devised by the testator or to collect any rents as trustee from any of the property of deceased, and averred that under the will the devisees have the free use and enjoyment of the real estate and the right to collect and use the rents as their own. Defendants denied that the devises of real estate in trust are void or in violation of any of the laws of the State of Illinois. They aver that each devise to complainant, as trustee, is a naked or dry trust, and that the intention of the testator was that the devisees and their lineal descendants should have the beneficial interest of said real estate, and that by virtue of the Statute of Uses the devisees took the fee to the real estate so devised.

Before the hearing of the cause by the chancellor sufficient funds came into the hands of the executor from an inheritance tax refund to permit the closing of the estate of the testator without the necessity of using the proceeds from rentals of the real estate and without the sale of the property. These facts were presented to the court by counsel before the trial, and the only question left for the court's consideration was the construction of the will.

The proof in the record shows that James H. Blackwell lived upon two of the lots in Evanston for more than forty years. He made his will July 19, 1926, and died in December following, at the age of sixty-seven years. The property upon which he lived was known as 1723 Greenwood avenue, and it is this property in which he gave his sister a life estate. Two of his lots, known as 1717 Greenwood avenue, were improved with a two-flat brick building. The other lot near by had a frame cottage upon it. All of his real estate was mortgaged at the time of his death. The testator made all of his heirs-at-law beneficiaries under his will. The nieces and nephews named as beneficiaries under

the trust provisions of the will were all the nieces and nephews he had living at the time and all of them survived him. Three of them were children of a deceased sister and six of the nieces and nephews were the children of one of his brothers.

The chancellor found the material facts as set forth in the bill and that the testator attempted to create and establish by his will a trust estate for the benefit of his then living nephews and nieces and their lineal descendants in perpetuity by devising his real estate to the City National Bank of Evanston in trust for such purpose, but that such devise was in violation of the rule against perpetuities and was therefore void and of no effect, and that the real estate attempted to be devised in trust descended as intestate property to the heirs-at-law of James H. Blackwell, deceased. A decree was entered setting forth the respective interests of the four brothers, the sister and the three children of the deceased sister in the five lots. Their title to two of the lots was subject to the life estate of the sister, Isabella White. From that decree the nieces and nephews have prosecuted an appeal to this court.

The testator in the first paragraph of his will provided for the payment of all his just debts and funeral expenses and the placing of a headstone at his own grave and one at the grave of his deceased wife. The fifth to the fourteenth paragraphs of his will provided for separate and distinct bequests to different relatives and to the Second Baptist Church of Evanston. The fifteenth paragraph provided that if the City National Bank of Evanston should decline to act or accept the trust provided for in his will then the probate court of Cook county should name some trust company, an Illinois corporation, to be trustee as provided in the will. Under the terms of the will the City National Bank of Evanston was named as executor. The second, third and fourth paragraphs of the will, which are the important ones to be here considered, are as follows:

"*Second*—After the payment of such funeral expenses and debts I give devise and bequeath to my sister, Isabella White the following described real estate for her natural life: Lot twenty- three (23) and twenty-four (24) in block four (4) in Brown and Culver addition to Evanston, in section thirteen (13) township forty-one (41) range thirteen (13) north, east of the third principal meridian, situated in the city of Evanston, county of Cook and State of Illinois, for life, remainder to the City National Bank of Evanston, Illinois, a corporation, in trust nevertheless for the use and benefit of the children of my deceased sister, Sarah F. Wright, and her husband Rufus C. Wright, Sr., namely, Alice I. Smith, Ruth G. Wright and Rufus C. Wright, Jr., and the children of my brother, Emmett B. Blackwell, Sr., and his wife Essie Blackwell, namely, Alice Lucile Smith, Emmett Burrell Blackwell, Jr., Preston Eugene Blackwell, Virginia O. Blackwell, Gwendolyne Blackwell and Marilla Blackwell, share and share alike, and to the lineal descendants of said children, in perpetuity; it being my intention to give my sister, Isabella White a life estate in the premises above described, and the remainder to be held in trust for my said nieces and nephews and their descendants as herein provided.

"*Third*—After the payment of all my funeral expenses and debts aforesaid, I give devise and bequeath all of the residue of my real estate of which I may die seized and possessed, wherever situated to said City National Bank of Evanston, Illinois, a corporation, in trust nevertheless for the use and benefit of the said children of my deceased sister, Sarah F. Wright, namely, Alice I. Smith, Ruth G. Wright, and Rufus C. Wright, Jr.; and the children of my said brother, Emmett B. Blackwell, Sr., namely, Annie Lucile Smith, Emmett Burrell Blackwell, Jr., Preston Eugene Blackwell, Virginia O. Blackwell, Gwendolyne Blackwell and Marilla Blackwell, share and share alike and

to their lineal descendants, in perpetuity. And I do hereby will and direct that if any one of the children of my deceased sister, Sarah F. Wright, or of my brother, Emmett B. Blackwell, Sr., should die without any lineal descendants surviving, then the share of such deceased child or children shall descend to the surviving children of my said sister, Sarah F. Wright, in the case of her children and to the surviving children of my said brother, Emmett B. Blackwell, Sr., in the case of his children.

"*Fourth*—I further will and direct that the said trustee, said City National Bank of Evanston, Illinois, a corporation, shall have the power and authority to renew the mortgages that may be upon any of the real estate of which I may die seized at the time of my death; and it shall be the duty of said trustee to see that said real estate is kept in a reasonable tenable condition and that the beneficiaries have the free use and enjoyment of said real estate subject to whatever reasonable conditions that may be necessary to keep said real estate and property in a reasonable tenable condition, to pay the taxes and special assessments that may be levied upon said real estate from time to time, and to pay fire insurance and whatever sum may be necessary to preserve the fee; that said trustee may have the power to make permanent improvements with the consent and approval of all the beneficiaries."

It is contended by appellants the testator intended to give his nieces and nephews named in his will an equitable estate of inheritance in tail in his real property, with an absolute present right of enjoyment at his death of part of it and with the future right of enjoyment of the balance of it upon the death of the testator's sister, Isabella White, the life tenant. It is also contended that the trustee was given a dry or naked trust, and under the Statute of Uses, which is section 3 of our Conveyance act, the devisees received both the equitable and legal fee of inheritance in tail.

By the second paragraph of the testator's will he devised a life estate in two of his Evanston lots to his sister and the remainder therein to the City National Bank of Evanston in trust for the use and benefit of his named nephews and nieces, share and share alike, and to the lineal descendants of said beneficiaries in perpetuity. By the third paragraph the testator devised all the residue of his real estate, which consisted of three other improved lots in Evanston, to the same bank in trust for the use and benefit of the same nieces and nephews, "share and share alike and to their lineal descendants, in perpetuity." The latter part of the third paragraph of the will provided that if any nephew or niece should die without issue surviving, then the share of the deceased nephew or niece should descend to his or her surviving brothers or sisters. The fourth paragraph of the will gave to the trustee power and authority to renew the mortgages upon the property, to pay the taxes and special assessments levied thereon from time to time, to pay fire insurance and whatever sum may be necessary to preserve the fee, to make permanent improvements with the consent and approval of the beneficiaries, and stated it was the trustee's duty to see that the property was kept in a reasonable tenantable condition. It will thus be seen that the testator's real property, under the provisions of the will, was given to the Evanston bank in trust for the use and benefit of the testator's nieces and nephews, whom he specifically named, and their lineal descendants, in perpetuity. The words "lineal descendants, in perpetuity," are used in both paragraphs 2 and 3 of the will, and under paragraph 4, where the powers and duties of the trustee are referred to, there is neither anything different stated nor any definite time designated as to the termination of the trust. The words used in the will are indeed unusual. There appears to be no intent on the part of the testator to devise the property to his named nieces and nephews but rather to give to his sister a life estate

in two of his lots, and the remainder therein and his other three lots were devised to and placed in the hands of a trustee for the benefit of his nephews and nieces and their lineal descendants in perpetuity. There was no provision for, and no intent is shown relative to, the vesting of the title to the testator's property at any definite time in the future. Such provisions in a will clearly violate the rule against perpetuities. That rule requires that property must vest in absolute ownership in someone within the period of a life or lives in being and twenty-one years and nine months thereafter. (*Owsley* v. *Harrison,* 190 Ill. 235; *Aldendifer* v. *Wylie,* 306 id. 426.) It is a well settled rule in the construction of wills that the intention of the testator will govern where that intention can be determined and does not violate some rule of law. It is also an established rule in the construction of wills that if the language of the will is fairly capable of two constructions, one which will produce a legal devise and the other an illegal one, the former should be adopted. However, we are unable to say that the language of the will is fairly capable of the construction insisted upon by appellants. The rule against perpetuities is a rule of law and not one of construction. When the purpose of the testator is determined or ascertained and such is found to fall within the prohibition of the rule, the devise is void though it may be admitted that the testator did not intend to make a void devise. (*Aldendifer* v. *Wylie, supra.*) The provisions of the will devising the real estate in trust for the benefit of the named nephews and nieces are void and the property descended at the testator's death to his heirs-at-law as intestate estate.

Appellants assert that appellee was not entitled to solicitor's fees or expense money because it contended for the invalidity of the trust provisions of the will. The sum of $750 was allowed appellee for expenses incurred in the case. Appellee was named executor as well as testamen-

tary trustee under the will. From the allegations of the bill it appears to have been necessary to have the validity of the trust provisions of the will determined by a court of competent jurisdiction. We think there was no error in the allowance made to appellee.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*