SEIBOLD et al. v. CITY OF NAPERVILLE
et al.
No. 13964.

District Court, N. D. Illinois, E. D.
May 19, 1937.

Pines & Stein, of Chicago, Ill., for plaintiffs.

William R. Friedrich and Benjamin A. Piper, both of Naperville, Ill., for defendants.

WOODWARD, District Judge.

This case involves the construction of a bequest made in the last will and testament of Frederick Long, who was a resident of the City of Naperville from the year 1859 until his death on October 12, 1912.

After provisions for the payment of funeral expenses and debts, the surviving spouse, Amelia Long, was devised the family residence to have and to hold the same during her lifetime. The remainder of the estate was placed in trust with directions to the trustee to reduce the assets to cash, invest the same in interest-bearing securities, and to pay the income therefrom, together with an additional $500 from the corpus of the estate, to the surviving spouse for the remainder of her life. Amelia Long died March 12, 1922, and under the will the trustee was directed to convert the balance of the estate into cash, including the remainder in the real estate, and directed the trustee to distribute the same in accordance with the will. There were five specific bequests totaling $7,000 made to relatives and close friends. The sum of $3,100 was bequeathed to churches and church societies in the following manner:

1. The sum of $1,000 to the Trustees of the Grace United Evangelical Church to be used as the board may direct.

2. The sum of $1,000 to the Home and Foreign Missionary Society of the United Evangelical Church to be used for the support or extension of its work in China.

3. The sum of $500 to the Evangelical Association of Naperville to be used as the board shall direct.

4. The sum of $100 each to six Naperville churches without direction as to its use.

In each case the receipt of the treasurer is a sufficient discharge and the trustee was not required to see to the proper application of the several bequests.

The language of that portion of the will with which the court is now concerned is as follows:

Paragraph 5, subparagraph 10: "My executor is directed to pay the residue of my estate to the City of Naperville for the purpose of establishing and maintaining a public hospital in and for said City under the Statutes of the State of Illinois, and I direct that said sum of money so paid to said City be used exclusively for the establishment, construction and maintenance of said hospital to be established and maintained by said City under the provision of said Statute. In case the said City of Naperville declines to accept this donation for that purpose, then I direct my said Trustee to pay said balance of my estate to my sister, Caroline Long Grumbach and Christine Long Fischer, of Grumbach Wurtenberg, Germany, and to my brother, John Long of LaMour, North Dakota, share and share alike."

The trustee, without ascertaining whether or not the City of Naperville was in a position to comply with the terms and con-

ditions of this bequest, tendered the same on December 31, 1923, and the city on the same date passed a resolution accepting it, "under the terms, conditions and provisions contained in the will," and on the same day passed its ordinance, later re-enacted in section 65, chapter 8, of Revised Ordinances of the City of Naperville, creating a Board of Hospital Commissioners and defining their duties.

It is admitted that thirteen years have elapsed since the acceptance of the bequest and that the city has not established a hospital, nor have the authorities complied with the statute of Illinois, regarding the establishment and maintenance of a public hospital as re-enacted in 1919 (Smith-Hurd Ill.Stats. c. 23, §§ 165 and note 166 et seq., Callahan's Ill.Stat.Ann. p. 1419, c. 24, par. 572 et seq.). It is further admitted that the city does not now and never had a sufficient sum of money in the hospital fund or its treasury with which to construct, establish and maintain a hospital and that the reinvested bequest is now in the possession of the hospital fund in the form of $8,000 in government securities and other assets.

In ascertaining the intention of the testator, the court must bear in mind that the cardinal rule for the construction of wills, to which all other rules must bend, is that the intention of the testator expressed in his will must prevail, provided it be consistent with the rules of law. This principle is generally asserted in the construction of every testamentary disposition. A "last will and testament" is emphatically the will of the person who makes it, and is defined to be the legal declaration of a man's intention which he wills to be performed after his death. Such intentions are to be collected from his words and ought to be carried into effect if they are consistent with law. Home for Incurables v. Noble, 172 U.S. 383, 391, 392, 19 S.Ct. 226, 43 L. Ed. 486.

An examination of the will discloses that the testator had in mind the needs of the community for hospital facilities. It further discloses that the testator had in mind that the residuary bequest would not be sufficient, in and of itself, to construct and maintain a hospital, for he provided that it was proposed to be used for a public hospital "to be established and maintained by said City" of Naperville under the provisions of the applicable statutes of the State of Illinois. Through the funds contributed by the testator and through the funds aris-

ing from taxation, or from bonds, it was contemplated by the testator that a "public hospital" would be established and maintained.

The money bequeathed in the residuary clause was to be used "exclusively for the establishment, construction and maintenance of said hospital to be established and maintained by said city." It is evident also that, before the bequest became vested, the City of Naperville must accept the donation for the purpose of establishing and maintaining a public hospital. The words of the testator are: "In case the said City of Naperville declines to accept this donation, for the purpose, then I direct my said trustee to pay said balance of my estate" to named relatives. As the court construes this will, in the particulars here involved, it means that the residuary bequest was to vest in the City of Naperville when accepted by the city by providing for the establishment and maintenance of a public hospital under the statutes of the State of Illinois. Stated negatively, if the city did not establish, construct, and maintain a public hospital, in accordance with the statutes of Illinois, then the city should not have the bequest. The donation must be accepted within a reasonable time and, in good faith, the city must provide, within a reasonable time, means whereby, under the statutes of Illinois, a public hospital may be established and maintained. In fact, the word "accept," as used in this will, implies a substantial performance of the condition imposed by the testator. The testator had but one particular object in mind, namely, that the city establish a hospital under the statute. The language used plainly indicates that the city was to secure the necessary funds for the public hospital in the manner stated in the will. The condition which he prescribed is to be first complied with before his gift vested, and therefore it is a condition precedent.

This conclusion is fortified by an examination of other provisions of the will. In the bequests to the churches and to the church institutions, the testator provided that the receipt of the respective treasurers should be a sufficient discharge. No such provision is made in the bequest to the city. The absence of such like provision in the bequest to the city is indicative of the intention that the mere payment to and acceptance thereof by the city did not discharge the trustee, but that the bequest was made to depend upon the prompt and faith-

ful performance by the city of the conditions so definitely expressed in the will.

The next inquiry is: Has the condition been performed? It is true that the City of Naperville received the money and that its city council passed a resolution that it would "accept the donation for the purpose" specified in the will. But the resolution was an empty gesture. It did not establish a hospital under the statutes of the State of Illinois. It is unnecessary to recapitulate the provisions of the Hospital Act in force at the time the will was probated and the money paid over to the city. It is sufficient to say that the act provided that a hospital tax could be levied and assessed only after submission of the proposition to and its approval by the people at an election called for that purpose. The city has taken no steps to bring itself within the terms of the Hospital Act. The bequest was never accepted in accordance with the express condition stated in the will.

The city has had a reasonable time for the performance of the condition. The bill was filed twenty-one years after the will was probated. The city received the money in 1923 and for a period of thirteen years has made no effort whatever to establish, erect or maintain a hospital.

The defendant's contention that the testator made a general charitable gift is not sustained by the evidence or the language of the will.

The bequest to the city has wholly failed. The residuary legatees, plaintiffs herein, are entitled to such estate under the terms and conditions of the will.

A decree for an accounting may be entered.