SOUTHERN ILLINOIS CONFERENCE OF THE METHODIST CHURCH, Plaintiff-Appellee, *v.* THE CITY OF EDWARDSVILLE, Defendant-Appellant.

(No. 72-159;

Fifth District—October 30, 1975.

Gordon R. Broom, of Burroughs, Simpson & Wilson, of Edwardsville, for appellant.

W. H. Thomas, of Thomas, Mottaz & Eastman, of Alton, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The city of Edwardsville, the first devisee of certain property devised by the will of one Ella Tunnell, appeals from a judgment of the circuit court of Madison County which held that the Southern Illinois Conference of the Methodist Church (the "Conference"), as second alternative devisee, acquired title to the property in question because the city did not comply with the terms of the will by accepting the devise in good faith as required by the will.

Ella Tunnell, who was long a resident of Edwardsville, died on the 12th of February, 1962. The 14th paragraph of her will said:

"I give and devise my home property located at 918 St. Louis St., Edwardsville, Illinois to the City of Edwardsville as a site for a hospital, provided the said city accepts this devise for the purpose specified within one year after my death and if the city does not accept this devise within one year after my death, then said property shall go to the Southern Illinois Conference of the Methodist Church as a site for an old folk's home or in its discretion as a site for a Wesley Memorial for the benefit of the Edwardsville branch of Southern Illinois University, provided the Southern Illinois Conference of the Methodist Church accepts the devise for the purpose specified within two years after my death. If neither the City of Edwardsville nor the Southern Illinois Conference of the Methodist Church accepts this devise for the purposes indicated within the time specified, I give and devise said property to the city of Edwardsville for use as a public park."

On February 5, 1963, the city of Edwardsville passed an ordinance which said that the city accepted the property as a location for a hospital. A year later, on February 4, 1964, the Conference adopted a resolution by which it tried to accept the residence as a place for a Wesleyan student foundation.

The city of Edwardsville has not constructed a hospital on the property. In 1968, the Conference sued for a declaration that it owned the property and was immediately entitled to possession.

The seventh paragraph of the Conference's complaint alleged:

"That at the time the City of Edwardsville attempted to accept said property as a site for a hospital it had no plans formulated for using said property as a hospital and had no funds available or earmarked for said purpose * * *."

In response to this assertion, the city said in the seventh paragraph of its answer:

"Defendant admits the allegations contained in Paragraph 7 of plaintiff's complaint and further states that the defendant did accept said property, performed all acts necessary in accepting said property, and that while no formal plans for use of the property as a hospital site were in process and none in process at the present time, the same was not a condition precedent or subsequent under the Will to acceptance of same."

Pursuant to section 57.1 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 57.1), the circuit court declared that the Conference was the owner of the property. To support this declaration the Conference advances a theory which has several parts. The Conference asserts that there were two conditions precedent to the vesting of the city's interest: (1) the city's acceptance of the property within one year of Ella Tunnell's death, and (2) the city's construction of a hospital on the property within a reasonable time after Ella Tunnell's death. The Conference says that the ordinance of February 5, 1963, was not an acceptance of the property unless it was passed by the city in good faith, that is, with the intention to build a hospital on the property. Because the city admitted in its answer that it "had no plans formulated for using said property as a hospital" when it adopted the ordinance, the Conference argues that the city admitted its lack of good faith and that the ordinance cannot be regarded as an acceptance. Because no hospital has been built on the property, the Conference says that the second condition precedent has not been satisfied by the city. The Conference therefore argues that neither condition precedent to the vesting of the city's interest was fulfilled and that the city's interest never vested.

To counter this theory, the city argues that acceptance was a condition subsequent to the vesting of its interest. The city contends also that the building of a hospital on the property within a reasonable time after Ella Tunnell's death was not a condition on the city's interest, but was, at most, an obligation imposed on the city by a covenant.

The parties agree, then, that the city's acceptance of the property within one year after Ella Tunnell's death was a condition on the city's interest. They disagree on whether the condition should be characterized as precedent or subsequent to the vesting of the city's interest.

The Conference and the city are unquestionably correct in agreeing that the city's timely acceptance was a condition. If the city failed to accept the property, the Conference was to have a chance to become the owner of the property. This thwarting of the city's ownership of the property could be accomplished only by the operation of a condition; that is, the city's acceptance was a condition on the city's interest. See *Rooks Creek Evangelical Lutheran Church v. First Lutheran Church*, 290 Ill. 133, 124 N.E. 793 (1919).

■■ The city says that the word "provided," which began the phrase in the will that made acceptance a condition, was appropriate for creating a condition subsequent. See *Newton v. Village of Glen Ellyn*, 374 Ill. 50, 27 N.E.2d 821 (1940).) Despite the testatrix's use of the word "provided," the common understanding of "acceptance" is that a person must accept a thing before he can receive and own it. Ella Tunnell's intention, therefore, was apparently to require the city to accept the property before the city could receive the property. Because this was Ella Tunnell's evident intention, acceptance was a condition precedent to the vesting of the city's interest. *Nowak v. Dombrowski*, 267 Ill. 103, 107 N.E. 807 (1915).

There remains the question whether the city's building a hospital on the property within a reasonable time of Ella Tunnell's death was also a condition precedent to the vesting of the city's interest. The Conference concedes that the will did not expressly establish such a condition, but argues that the condition must be regarded as implied in order to enforce the purpose of the gift to the city. As authority for this proposition, the Conference relies on *Maguire v. City of Macomb*, 293 Ill. 441, 127 N.E. 682 (1920), and *Seibold v. City of Naperville*, 19 F.Supp. 281 (N.D. Ill. 1937). *Maguire* may readily be distinguished from the present case because the will in *Maguire* contained the explicit requirement "that the said city of Macomb, within a reasonable time, take possession of several tracts or parcels of land and improve the same in a manner adapted to public park purposes * * *." (293 Ill. 441, 443, 127 N.E. 682, 684.) The will in *Seibold* had no similar provision, but the Federal District Court decided in that case that there was an implied condition precedent which required the city of Naperville, Illinois, to construct a hospital on the devised property before the city's interest in the property could vest.

The decision in *Seibold* is not sound. A builder wants to have a secure and unassailable title to property before he begins to build upon the property. A city would not spend its revenue to construct a hospital on property it did not own in hope that it could thereby gain the title to the property in the future. Yet this is what *Seibold* required. The rule

suggested by *Seibold* seems more likely to deter a city from accepting a devise that has been made for a stated purpose, than to encourage a city to accept the devise and to fulfill the purpose of the devise.

*Seibold* should not be followed. When a will contains a devise to a city for a stated purpose, the city's accomplishment of the purpose should not be regarded as an implied condition precedent to the vesting of the city's interest. This position is in harmony with a statement made by the Illinois Supreme Court in *City of Wood River v. Hart*, 23 Ill.2d 119, 123, 177 N.E.2d 173, 176:

> "We are of the opinion that the recitation in the will of the purposes for which the land was devised does not show an intent on the part of the testator that conversion of the land into a park was a condition precedent to the vesting of title."

■■ Acceptance of the property by the city within one year of Ella Tunnell's death was therefore the only condition precedent to the vesting of the city's interest. The interest that the will gave to the city was a springing executory interest, which was to become a vested and possessory fee simple interest upon the city's timely acceptance. (See O. Phipps, The Calculus of Interests 101, 102 (1968).) The delay in vesting did not work a violation of the rule against perpetuities because the city's interest had to vest, if at all, within the period of the rule against perpetuities. *City National Bank & Trust Co. v. White*, 337 Ill. 442, 169 N.E. 197 (1929).

The next question is whether the ordinance that was passed by the city on February 5, 1963, was a valid acceptance of the property. When a testator devises property to a city upon the condition that the city accept the property for a purpose stated in the will, the city's passing an ordinance which proclaims that the property is accepted for the indicated purpose is not enough for acceptance. The ordinance must be accompanied by good faith on the part of the city; that is, the city must intend to carry out the testator's purpose. *City of Wood River v. Hart*, 23 Ill.2d 119, 177 N.E.2d 173.

■■ Members of the city council of Edwardsville must be presumed to have employed good faith in voting to adopt the ordinance. (*Chicago Park District v. Herczel & Co.*, 373 Ill. 325, 26 N.E.2d 119 (1940); *Edward Electric Co. v. Metropolitan Sanitary District*, 16 Ill.App.3d 521, 306 N.E.2d 733 (1973).) The burden of persuasion on the issue of the city's good faith must therefore be placed on the party who challenges the city's good faith, that is, on the Conference.

At the trial, the Conference relied solely on the admission contained in the seventh paragraph of the city's answer in order to establish the

city's lack of good faith. The city was bound by what it admitted in its answer. (*Beccue v. Rockford Park District,* 94 Ill.App.2d 179, 236 N.E.2d 105 (1968).) Whether the city admitted that it lacked good faith when it passed the ordinance, however, is questionable.

The city admitted the allegation of the complaint that it "had no plans formulated for using said property as a hospital" when the ordinance was passed. There is a perceptible difference between "plans" and "intent." The word, "plans," suggests blueprints, surveys, and documents. "Intent" can exist without these tangible things. The city could have had the intent to build a hospital on the property when it passed the ordinance, although it had developed no plans for the construction of a hospital. Thus the city's admission that it "had no plans formulated for using said property as a hospital" was not an admission that the city lacked good faith when the ordinance was passed. The Conference therefore failed to carry its burden of persuasion on this matter.

■■ The ordinance was effective on the date that the ordinance was passed. (Ill. Rev. Stat. 1963, ch. 24, par. 1—2—4.) Because the Conference did not prove that the city lacked good faith when it adopted the ordinance, the ordinance must be considered a valid acceptance of the property. The city's springing executory interest in the property therefore became a vested and possessory fee· simple interest on the date that the city passed the ordinance, that is, on February 5, 1963. The Conference acquired no opportunity to accept the property devised by Ella Tunnell's will, and the Conference now has no interest in the property.

The judgment of the circuit court of Madison County is reversed.

Judgment reversed.

EBERSPACHER and KARNS, JJ., concur.